## Rothman *v.* Rothman, Appellant.

Argued January 6, 1967. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Steven A. Arbittier,* with him *Howard Gittis,* and *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Sheldon W. Farber,* with him *Morris Passon,* for appellee.

Opinion by Mr. Justice O'Brien, May 3, 1967:

Appellee, in April of 1965, commenced an action for support against appellant in the courts of Montgomery County. In October of 1965, appellee instituted an action for divorce against appellant in Montgomery County. Appearances were entered on appellant's behalf in the divorce action and an answer to the complaint in divorce was filed. In the support action, the parties had entered into a separation agreement.

In April of 1966, appellee filed a complaint in equity against appellant, seeking to restrain him from commencing or proceeding with any action for divorce in the State of Nevada. A preliminary injunction was issued, ex parte, enjoining the defendant from commencing or proceeding with any action for divorce in Nevada or elsewhere. A copy of the equity complaint and the preliminary injunction were served on the attorneys who had entered an appearance for appellant in the divorce action which had previously been filed by appellee. In addition, service was made on the manager of an apartment building where appellant allegedly resided, as well as on appellee herself, at her residence, she being, presumably, an adult member of appellant's household.

Counsel appeared for appellant and filed preliminary objections raising a question of jurisdiction, alleging that personal service had not been made on appellant in the equity action since he did not reside at either of the addresses where service was attempted, and that the attorneys who had entered their appearance for him in the divorce action were not authorized to accept service on his behalf in the equity proceeding. Appellant appeals from the order of the court below overruling his preliminary objections.

The court below held that even if service had not been accomplished in accordance with Pa. R. C. P. 1504, it, nevertheless, had jurisdiction over appellant in the

equity proceeding. The court based its conclusion on our decision in *Wenz v. Wenz,* 400 Pa. 397, 162 A. 2d 376 (1960). In that case, Mrs. Wenz had commenced an equity action in Lehigh County against her husband, seeking relief under an antenuptial agreement. After Mr. Wenz had filed an answer contesting the validity of the marriage, he instituted a suit in Maryland, seeking an annulment. Mrs. Wenz sought an injunction to restrain Mr. Wenz from prosecuting the Maryland suit, and such a decree was entered. Mr. Wenz appealed, and we said: "It is plain enough that Wenz, by his answer to the complaint in Lehigh County, voluntarily put the validity of his marriage to the plaintiff in issue there and by subsequently instituting suit in the Maryland court, for annulment of the marriage, contumaciously attempted to circumvent and subvert the authority and jurisdiction of the Lehigh County Court. In such circumstances, a court has not only the power but the duty to thwart such an undertaking by a restraining order adequate to the circumstances."

We hold that Wenz is controlling in this situation, and that the language of Rule 1503 (a) (2) is consistent therewith. That rule states that: ". . . a judgment, order or decree shall not bind a defendant personally unless he is served within the County, or within the Commonwealth in conformity with Rule 1504(b), or unless he appears *or otherwise submits himself to the jurisdiction of the court.*" (Emphasis supplied).

We agree with the conclusion of the court below that it had twice obtained jurisdiction over appellant, in the divorce action and the action for support, in matters dealing with the marital affairs of the parties. The court, therefore, was justified in assuming jurisdiction in the equity proceeding, and we need not, nor do we, decide the propriety of the attempted service of process.

Inasmuch as appellant had submitted himself to the jurisdiction of the court in the previous actions, its decree in the equity action may properly bind him.

Decree affirmed.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result because the relief sought in the equity proceeding is actually ancillary to the pending divorce action on the law side of the court and because the same relief could have been obtained by filing an ancillary motion in the divorce action. Since I regard the equity action as if it were filed on the law side of the court of common pleas, the service upon counsel is equivalent to service under Pa. R. C. P. 233 and 1027 and should not be confused with the initial service required in order to institute a lawsuit, under Pa. R. C. P. 1007.

Mr. Justice JONES and Mr. Justice EAGEN join in this concurring opinion.