Peters Sportswear Co., Inc. *v.* American Arbitration Association (et al., Appellant).

Argued April 19, 1967.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Horace A. Stern,* with him *Wexler, Mulder & Weisman,* for appellants.

*Abraham L. Shapiro,* with him *Harold Greenberg,* and *Cohen, Shapiro, Berger, Polisher & Cohen,* for appellee.

Opinion by Mr. Justice Cohen, September 26, 1967:

Pursuant to the terms of a written agreement of sale between Peters Sportswear Co. Inc. (the vendee) and Eastland Woolen Mills, Inc. (the vendor), the signatories agreed: "10. Any controversy or claim arising out of or relating to the contract, or for the breach thereof, shall be settled by arbitration under the rules of the American Arbitration Association and judgment may be entered on the award in any court having jurisdiction."

In apparent disregard of that provision, Peters instituted an action by writ of foreign attachment. See opinion filed today. *Peters Sportswear Co., Inc. v. Eastland Woolen Mills, Inc.,* 427 Pa. 135, 233 A. 2d 557 (1967).

While that case was being considered by the lower court, Eastland filed with the American Arbitration Association (AAA) a demand for arbitration of its claim against Peters. Peters thereafter filed a complaint in equity seeking to enjoin AAA from proceeding with the arbitration, and named as defendants AAA, Eastland, and two of Eastland's selling agents, both of whom were, as Eastland, nonresidents of Pennsylvania. Because Peters was able to secure personal service of process in Pennsylvania upon the AAA alone, it proceeded under Pa. R. C. P. 1504(b)(2)(b)[1] by having the AAA served personally in Philadelphia as a principal defendant, and sending copies of the complaint by registered mail to the nonresident defendants.

---

[1] "If . . . one of the principal defendants has been served within the county in which the action is commenced . . ., the plaintiff shall have the right of service upon a defendant . . . outside the State . . . by sending the defendant by registered mail a copy of the writ or the complaint if the action is commenced by complaint. . . ."

Each nonresident defendant filed preliminary objections in the nature of a petition raising questions of jurisdiction and in the nature of a demurrer. The lower court dismissed all of the preliminary objections with leave to file separate answers within twenty days. The court also issued a temporary restraining order enjoining the AAA, which had not entered its appearance, from hearing the dispute. The nonresident defendants then filed the present appeal.

Service upon appellants pursuant to Rule 1504(b) is valid only if the AAA is a principal defendant within the meaning of Rules 1503 and 1504. Otherwise, the lower court will have lacked jurisdiction over appellants, and their preliminary objections as to jurisdiction should have been sustained. In *Potteiger v. Fidelity Philadelphia Trust Company*, 424 Pa. 418, 424, 227 A. 2d 864, 869 (1967), we recently reiterated the definition of "principal defendant" set forth in *Bird v. Sleppy*, 265 Pa. 295, 108 Atl. 618 (1919), as "one who has an interest in the controversy presented by the bill, and whose presence is requisite to the complete or partial adjudication of the controversy." While an argument may be made that the AAA has some remote interest in hearing the controversy, its presence is by no means requisite to the adjudication of this matter.

For one thing, a decree against the nonresident defendants only, enjoining them from proceeding to arbitration, would afford plaintiff all of the relief it seeks or requires. Indeed, our case law indicates the desirability of restraining a potential litigant from proceeding upon a cause of action rather than restraining the tribunal from hearing the matter. See *Rothman v. Rothman*, 425 Pa. 406, 228 A. 2d 899 (1967); *Wenz v. Wenz*, 400 Pa. 397, 162 A. 2d 376 (1960).

Moreover, the parties agreed to arbitrate under the rules of AAA, and §46(b) of those rules provides that in any application to a court, "The AAA is not a nec-

essary party in judicial proceedings relating to the arbitration." If the parties agreed that the AAA shall not be even a necessary party, then it surely cannot be a principal defendant.

Plaintiff argues that having failed to raise the arbitration clause by demurrer in the foreign attachment case, defendant has waived its right to arbitration. Even though we have held that an agreement to arbitrate does not affect the jurisdiction of the courts,[2] the fact that defendant has not raised the issue in preliminary objections challenging jurisdiction does not constitute a waiver of its right to an application for a stay of proceeding pending arbitration under the Act of April 25, 1927, P. L. 381, §2, 5 P.S. §162, so long as that application is filed before the suit is at issue.

The Decree overruling the preliminary objections is reversed, and the temporary restraining order is dissolved at appellee's costs.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I concur in the result, first, because I disagree with parts of the majority Opinion, and secondly, because I believe that Rule 1504(b)(2)(b) of the Rules of Civil Procedure, as applicable to nonresidents *without actual service on them,* is unconstitutional.

---

[2] *University Square No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 259-260, 180 A. 2d 427, 429 (1962) ; *Central Contracting Company v. C. E. Youngdahl & Company, Inc.,* 418 Pa. 122, 135, 209 A. 2d 810, 817 (1965).