Linett *v.* Linett, Appellant.

442

*Walter I. Higgins,* for appellant.

*Laurence H. Eldredge,* with him *David H. Kubert,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, May 28, 1969:

This action centers on the unfortunate legal skirmishing that has occurred between this couple in the last several years. At least seven different law suits are involved either directly or collaterally. The first developed in 1965 when the wife (appellee in the instant action) filed an action in equity in the Court of Common Pleas of Philadelphia asking for injunctive relief against her husband's plans to leave the Commonwealth and secure a divorce in a foreign jurisdiction. This suit was dismissed on the husband's preliminary objection that the action was premature. On July 15, 1966, the husband (appellant) filed suit for divorce in the same court. His wife vigorously contested the action and after thirteen hearings the husband entered a voluntary nonsuit on January 5, 1968. Also the wife had filed at least three actions, two in equity in the common pleas court, seeking an accounting by the husband of entireties rentals collected by him, and one in the county court in 1963

which resulted in a $40 per week support order against the husband.

Finally there are the two actions which are directly before this Court at this time. On January 5, 1968, the husband filed a suit for divorce in Reno, Nevada. A copy of the complaint in that action was served on the wife in Philadelphia on January 16, 1968. On January 23 the wife filed a complaint in equity "that an injunction may issue, enjoining and restraining the defendant preliminarily until hearing and perpetually thereafter, from commencing or proceeding with any action for divorce in the State of Nevada." On the same day, an order was signed permitting the plaintiff to serve a copy of the complaint on the husband outside the state of Pennsylvania. This complaint was served on him in Reno on February 6, 1968 at 10:00 A.M. On the same day and at the same time a final decree in divorce was filed in the office of the clerk of court of the Second Judicial District of the State of Nevada granting an absolute divorce to the husband. On February 28, 1968, after the filing of an affidavit of service, a judgment was taken by the wife in her equity action alleging default for want of the filing of an answer within twenty days from the date of service of the complaint. Judge SPORKIN, on April 1, 1968 entered a final decree and findings of fact and conclusions of law implementing the default judgment of February 28, 1968. Appellant filed a motion to strike this default judgment and an argument was held on this motion on September 19, 1968. Judge SLOANE denied the motion to strike and this appeal followed.

Appellant's first asserted ground for striking the default judgment concerns the out of state service made on him in Reno. He claims that the service which the trial court authorized under Pennsylvania Rule of Civil Procedure 1504(b)(2), was improper under that rule and that therefore the court below had no

jurisdiction to enter a default judgment against appellant. However, it is this Court's view that the service was perfectly proper under Rule 1503(a)(2) and that the court did have jurisdiction to enter an in personam default judgment. For this reason we need not consider appellant's contentions under Rule 1504(b)(2).*

Rule 1503(a)(2) provides that a "decree shall not bind a defendant personally unless . . . he appears or *otherwise submits himself to the jurisdiction of the court.*" (Emphasis supplied.) This Court had occasion to interpret the meaning of this section in the recent case of *Rothman v. Rothman,* 425 Pa. 406, 228 A. 2d 899 (1967). In that case, the husband argued that the court had failed to obtain jurisdiction over him because neither of the two places served was his residence. However, we pointed out that because the husband was a defendant in two other actions before the same court, an action in divorce and an action for support, he came within the language of Rule 1503(a)(2). Thus, although he may have been improperly served, the court had jurisdiction over him because "he had otherwise submitt[ed] himself to the jurisdiction of the court" in these other two actions. For authority, the *Rothman* Court cited *Wenz v. Wenz,* 400 Pa. 397, 162 A. 2d 376 (1960), a case in which the husband resisted the jurisdiction of the court in his wife's equity action seeking an injunction barring the husband from obtaining an out of state divorce. However, the court pointed to the fact that the husband had filed an answer in his wife's earlier action for relief under an antenuptial agreement and that

---

* This Court has the power to *affirm* the result reached by the trial court for any reason, whether raised below or not. See *Taylor v. Churchill Valley Country Club,* 425 Pa. 266, 228 A. 2d 768 (1967) ; *Sherwood v. Elgart,* 383 Pa. 110, 117 A. 2d 899 (1955).

he had "voluntarily put the validity of his marriage to the plaintiff in issue. . . ." Thus the *Wenz* Court had jurisdiction over the husband and could restrain him from proceeding further in his out of state divorce action.

The facts in the instant case are virtually the same as in *Rothman* and *Wenz*. Here the husband is a defendant in two actions for an accounting of entireties rentals and was a defendant in a support action in county court. In addition, the husband himself was a *plaintiff* in his own divorce action until he chose to abandon the cause in early 1968. It seems that this latter fact (the husband as plaintiff), which was not present in either *Rothman* or *Wenz*, makes the instant case an even more persuasive one for this Court to hold that the husband submitted himself to the jurisdiction of the court below. That court already had jurisdiction over at least three actions involving the marital status of this couple; it must be appropriate for the court to have jurisdiction over the appellant in this additional action as well "if the effect of this [action in Nevada which appellee sought to restrain] is to withdraw from the court first acquiring jurisdiction a part of the subject matter of the [other suits]." *Wenz v. Wenz*, 400 Pa. at 399, 162 A. 2d at 377. Therefore, we conclude that the court below had jurisdiction under Rule 1503(a)(2).

Appellant's next set of contentions all go to the motion to strike the judgment. The law in the Commonwealth is quite clear that "a rule to strike a judgment can be made absolute only for a defect appearing on the face of the record." *Mountain City Savings and Loan Ass'n v. Bell*, 413 Pa. 67, 70, 197 A. 2d 608, 609 (1963); *Cox v. Felice Perri & Sons*, 412 Pa. 415, 195 A. 2d 79 (1963); *MacDonald v. Feldman*, 393 Pa. 274, 142 A. 2d 1 (1958). The court below and this Court on review will only look at what was in the

record when the judgment was entered in its search for defects. Further, there is no doubt that it is a motion to strike which was requested by appellant and not a motion to open which would permit an examination of facts not before the court at the time of the default judgment. Therefore many of appellant's asserted grounds are not properly before us because they deal with the fact that the final divorce decree was entered in Nevada at the same time or even before he received his wife's complaint in equity. Since any facts surrounding the Nevada divorce decree were not before Judge SPORKIN when he entered his final decree, arguments which go to the propriety of the decree in light of the Nevada divorce are without merit on this appeal from the denial of a motion to strike.

Appellant also urges that the relief granted in the decree exceeds the specific prayers of the appellee. This argument, though not articulated, seems to center on the fact that the prayer was for an injunction from procuring a divorce and the decree discusses any divorce Louis Linett "may have obtained." However, this variance between prayer and decree seems to be exactly the situation to which this Court addressed itself in *Dombrowski v. Philadelphia*, 431 Pa. 199, 219, 245 A. 2d 238, 249 (1968): "under a general prayer for relief an equity court may grant such relief as is 'agreeable' to the case pleaded and proven even though the relief granted differs from the specific relief prayed for."

Appellant raises no other arguments which allege defects on the face of the record before Judge SPORKIN when he entered the default judgment. All of the documents constituting the present record (the complaint endorsed with notice to plead, the order authorizing service on defendant in Reno, proof of service and plaintiff's praecipe to enter a default judgment) appear proper. Therefore the denial of the motion to

strike by the court below is affirmed. Appellant to pay costs.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

I would vacate the decree in this case and disapprove the *Rothman* case relied upon by the majority. That part of Rule 1503(a) which speaks to the binding of a defendant *personally* relates only to subsection (2) which permits an action to be brought relating to property located in the county. Thus the appearance or submission to the jurisdiction of the court—assuming that the appearance in former cases can be so construed, upon which I reserve judgment—will only bind the defendant personally if the subject matter of the action is property located within the county. I do not believe that in an action for an injunction against divorce proceedings jointly held property is the subject matter of the action. I have serious questions as to the constitutionality of a "long-arm" statute as interpreted by the majority and therefore dissent.