**Francoise RYAN, Appellant,**

v.

**Charles RYAN, Appellee.**

**Nos. 5630, 5631.**

District of Columbia Court of Appeals.

Argued April 20, 1971.

Decided June 10, 1971.

---

John J. Dwyer, Upper Marlboro, Md., for appellant.

Elizabeth Guhring, Washington, D. C., for appellee.

Before KELLY, PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

These appeals are from orders entered by the court below during the course of proceedings involving the custody of five minor children born of the marriage of appellant and appellee.

The first appeal (No. 5630) is from orders entered September 28, 1970 and October 1, 1970, respectively, by force of which appellant was adjudicated in contempt and committed to jail for disobedience of an injunction against proceeding further in any matter involving the custody of the children, except in the case then pending in the court below.

The second appeal (No. 5631) is from an order entered December 15, 1970, awarding custody of the children to appellee.

Finding no reversible error in the entry of either order, we affirm.

The controversy developed in Paris, France, where, upon application by appellee to the appropriate court, the parties were divorced on May 18, 1967. Sometime thereafter, appellee returned to the United States and, after June 24, 1968, resided with the five children in the District of Columbia.

In October 1969 appellant, then a citizen of the Republic of France, commenced in the court below the action from which these appeals arose, demanding custody of the five children and other relief. In his answer to the complaint, appellee alleged that appellant abandoned him and the five children in France in 1966 and that, upon entry by the French court of a decree of divorce, he was awarded custody of the children. By a counterclaim, appellee requested the court to confirm the award of custody.

During the pendency of the action, appellee represented to the court below that appellant, in an additional effort to obtain custody of the children, had reopened in the French court the matter of their custody.

After a hearing the court below, on February 20, 1970, entered the order referred to above enjoining appellant from litigating in any other court the matter of custody of the children.

Against this factual background, we proceed now to consideration and disposition of the two appeals.

### Appeal No. 5630

Entered after a hearing, the order of September 28, 1970 adjudicated appellant in contempt for wilful disobedience of the injunction imposed upon her by the order of February 20, 1970.[1] Appellant was directed to cause the proceedings in the French court to be abated and to present herself before the court below on October 1, 1970 and advise as to the steps she had taken to that end. The order then provided that, upon appellant's failure to comply, the clerk was to strike her pleadings and set the cause for hearing on the merits of the counterclaim.

As directed, appellant on October 1, 1970 appeared before the court, at which time the following transpired:

### DIRECT EXAMINATION

BY MR. TIMBERLAKE:

Q State your full name and your address.

* * * * * *

A My name is Francoise Ryan. I live at 2008 R Street, Northwest, Washington, D. C.

Q Now, Mrs. Ryan have you done anything in regard to the actions in France?

---

[1] It was undisputed that at appellant's request the court in Paris, France, had decided to reconsider on October 2, 1970, so

A Certainly not. I did not do anything to stop the action in France.

* * * * * *

### CROSS EXAMINATION

BY MISS GUHRING:

* * * * * *

Q Now, here in 1969, you asked this Court to award you custody of the five children; right?

A Yes.

Q And you are familiar with the order of this Court that directed you not to take any steps about custody any place else other than here in the District of Columbia; right?

A Yes, but I appealed that.

* * * * * *

Q * * * [T]he Court adjudicated you in contempt for this and, among other things, ordered you to take steps to stop this hearing in Paris. Now, Mr. Dwyer told you about that order of the other day, did he not? Didn't Mr. Dwyer tell you that you are to stop it?

* * * * * *

A I was notified; yes.

* * * * * *

Q The point is that you haven't taken any steps to stop the hearing in Paris; is that right?

A No, I didn't.

* * * * * *

At the conclusion of the hearing, the court, entered the second of the two orders challenged by appeal No. 5630 directing (1) that appellant be confined at the Washington Asylum and Jail for a period of thirty days or until such earlier time as she has purged herself of her contempt, (2) that the clerk strike her pleadings and (3) that the cause be set for hearing on appellee's counterclaim.

---

much of the divorce decree as pertained to the custody of the five children.

■ Citing numerous cases, none of which we regard as controlling or even persuasive, appellant contends in substance that the court below was without jurisdiction to enjoin her participation, except in that court, in any other proceedings involving the custody of the five children.

This contention is wholly without substance. It was appellant who, in an effort to obtain custody of the children, invoked the jurisdiction of the court below. As an expression of its concern for children within the borders of the District of Columbia (Crain v. Crain, D.C.App., 209 A.2d 257 (1965); Schwier v. Schwier, D.C.App., 207 A.2d 115 (1965)) the court below, having thus acquired jurisdiction of the parties, had abundant authority to enjoin appellant from litigating the same issue in a foreign jurisdiction. *See* Wenz v. Earl Wenz, Inc., 400 Pa. 397, 162 A.2d 376 (1960).

Because the injunction continued in full force and effect[2] throughout the proceedings disobedience of its mandate was wilful contempt. United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); Howat v. Kansas, 258 U.S. 181, 189–190, 42 S.Ct. 277, 66 L.Ed. 550 (1922); Adams v. Adams, D.C.Mun. App., 184 A.2d 213 (1962); Land v. Dollar, 88 U.S.App.D.C. 311, 190 F.2d 366 (1951), cert. dismissed, In re Killion, 344 U.S. 806, 73 S.Ct. 7, 97 L.Ed. 628 (1952); Hunter v. United States, 48 App.D.C. 19, 23 (1918); In re Williams, 306 F.Supp. 617, 619 (D.D.C.1969). *Compare* Duell v. Duell, 85 U.S.App.D.C. 78, 178 F.2d 683 (1949).

The court, therefore, did not err when it adjudicated appellant in contempt and ordered (1) that her pleadings be stricken and (2) that she be committed to jail for thirty days or until such time as she purged herself of contempt.

## Appeal No. 5631

■ Appellant's sole contention on this appeal is that she was denied due process of law at the trial on appellee's counterclaim for custody of the five children. We find no substance to this contention.

What appears from the record is that appellant, after being taken into custody and in an effort to purge herself of contempt, caused a cablegram to be sent to her counsel in Paris, France, instructing him to terminate the proceedings in the French court. That fact being made known, appellant was released from custody.

Advised thereafter that the court below would consider on November 23, 1970, the merits of appellee's counterclaim for custody of the children, appellant moved this court to enjoin the conduct of the trial. The ground for the motion was that appellant was being effectively denied due process of law. Reference was made to a statement of proceedings attached to the motion as "Appendix A" wherein it was represented that immediately after her release from custody she countermanded the instruction she had given her counsel in France and then left the jurisdiction of the court below.

The motion to enjoin the conduct of the trial was denied and, after trial on November 23, 1970, the court below made findings of fact and conclusions of law upon the basis of which it awarded custody of the five children to the appellee.

From our examination of the testimony, we conclude that the findings were supported by competent evidence which was substantial and therefore may not be disturbed on appeal. Smith v. Smith, D.C. App., 210 A.2d A.2d 831 (1965); DeWitt v. DeWitt, D.C.App., 201 A.2d 527 (1964).

Appellant urges nevertheless that because her pleadings were stricken she was unable to obtain an adjudication of her right to custody of the children. She urges also that because she was under a sentence of thirty days for contempt and feared that the order of commitment would be exe-

2. There was an appeal from the order imposing the injunction but, on January 25, 1971, the appeal was dismissed when appellant failed to file her brief.

cuted if she returned to the jurisdiction of the court below, she was effectively deprived of any opportunity to contest the merits of the counterclaim. But all of this is sophistry and a short answer to it is that appellant, having caused the dilemma, was required to choose the "horn" which would afford her the greatest comfort. Throughout the proceedings below, appellant elected to pursue a devious course of conduct calculated to impede, if not frustrate, the orderly conduct of the business of the court, with specific reference to the welfare of the children involved. Her contumacious disobedience and studied defiance of the lawful order of the court constituted an affront to its dignity and authority. Such conduct cannot be sanctioned.

We hold, therefore, that the court did not err when it ordered appellant's pleadings stricken. (*See* Commonwealth ex rel. Beemer v. Beemer, 200 Pa.Super. 103, 188 A.2d 475 (1962); Duell v. Duell, *supra*) and concluded, after trial on appellee's counterclaim, that he was a fit and proper person to have custody of the five children involved.

Affirmed.