## Friedman *v.* Abington Township, et al.

Argued February 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*J. Peirce Anderson,* with him *Frederick W. McBrien, III,* and *Bean, DeAngelis, Kaufman & Kane,* for appellant.

*Daniel B. Michie, Jr.,* for appellee, Abington Township.

*Donald A. Gallager,* with him *Richard W. Berlinger,* and *Waters, Fleer, Cooper & Gallager,* for appellee, Leonard H. Caplan.

OPINION BY JUDGE MENCER, March 16, 1973:

Section 914 of the Pennsylvania Municipalities Planning Code[1] (MPC), 53 P.S. §10914, provides that any aggrieved party may appeal to the zoning hearing board where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the zoning officer. Section 915 of the MPC, 53 P.S. §10915, is directed to the time limitations of the appeals provided for in section 914. Section 916 of the MPC, 53 P.S. §10916, provides, *inter alia,* that "[w]hen an application for development, preliminary or final, has been duly approved and proceedings designed to reverse or limit the approval are filed with the board by persons other than the applicant, the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition to continuing the proceedings before the board."

These three sections are the concluding sections of article IX of the MPC, which article deals with the zoning hearing board. They constitute an intertwined

---

[1] Act of July 31, 1968, P. L. 805, as amended, 53 P.S. §10101 et seq.

authority for appeals to the board and the stay and continuation of proceedings before the board. We view these sections as being closely interrelated.

On June 5, 1972, an appeal was filed before the Zoning Hearing Board of Abington Township by Shirley Friedman (Friedman), through and by her counsel, Sidney M. DeAngelis, Esquire. The appeal from the issuance of building permits to a Leonard Caplan (Caplan), granting him permission to build a garden-townhouse apartment project, was filed pursuant to section 914 of the MPC.

On June 8, 1972, a petition for bond was filed in the Court of Common Pleas of Montgomery County by counsel for Caplan pursuant to the provisions of section 916 of the MPC. Attached to the petition was an order which was completed by the lower court setting 1:00 p.m., June 20, 1972, as the time for a hearing on the petition.

Shirley Friedman was never personally served with a copy of the petition for bond or the order setting the time for the hearing. Counsel for Caplan served a copy of the petition and order on Sidney M. DeAngelis, Esquire. Prior to June 20, 1972, both Attorney DeAngelis and one of his partners, J. Peirce Anderson, Esquire, contacted Caplan's counsel and requested a continuance of the hearing, but in each instance the request for agreement to a continuance was refused. Neither Attorney DeAngelis nor Attorney Anderson ever entered an appearance for Friedman in the Court of Common Pleas of Montgomery County relative to the petition for bond prior to the June 20, 1972 hearing.

Following a hearing before the lower court at which Caplan presented testimony in support of his petition and at which Friedman was not present or represented, an order was entered requiring Friedman to post a bond with corporate surety before 4:00 p.m. on Friday, June 23, 1972, or her appeal to the Board would be dismissed.

No bond was filed within the time period allowed and Friedman's appeal before the Zoning Hearing Board of Abington Township was dismissed in accordance with the lower court's order and section 916 of the MPC, 53 P.S. §10916. Friedman filed a timely appeal from the lower court's order of dismissal.

The single, but important, question is whether a petition filed under section 916 of the MPC and requesting the posting of a bond as a condition of continuing a zoning appeal requires personal service upon the person against whom the bonding is sought.

We believe this appeal raises a question of first impression. Our research has not uncovered any case that has dealt with the problem. Careful consideration of the question has led us to conclude that the relief sought in the petition for bond proceeding under section 916 of the MPC is truly ancillary to the appeal to the Board taken under section 914 of the MPC. Therefore, it follows, the service of a copy of the petition and order upon the counsel who lodged the appeal with the Board is equivalent to service under Pa. R. C. P. Nos. 233 and 1027.

The facts of this case and the relief being sought by the petition under statutory authority, intertwined with the authority to file an appeal with the board, should produce the result we reach here and should not be confused with the original service required in order to commence a lawsuit under the provisions of Pa. R. C. P. No. 1007. Here the petition filed under section 916 of the MPC can only be directed against a party filing an appeal under section 914 of the MPC. The interrelation of the two sections makes the petition for bond an adjunct proceeding of the appeal to the board.

In *Rothman v. Rothman,* 425 Pa. 406, 228 A. 2d 899 (1967), it was held that, where a defendant had entered his appearance the prior year in a divorce action instituted against him, personal service of defendant was not

required in a subsequent suit in equity seeking to restrain him from commencing or proceeding with any action for divorce in the State of Nevada. A copy of the equity complaint was served on the attorneys who had entered an appearance for the defendant in the divorce action. The Supreme Court based its decision on its earlier ruling in *Wenz v. Wenz*, 400 Pa. 397, 162 A. 2d 376 (1960).

We do not cite the *Rothman* case as controlling authority here but we do believe it indicates that certain circumstances may warrant a conclusion that a court has acquired jurisdiction of the person as a consequence of a closely interrelated proceeding. We believe this is always true where, as here, under the provisions of the MPC, the proceeding is actually ancillary and not an initial one.

Order affirmed.