476 A.2d 1363

**Marie GREENLEAF**

v.

**ROBERT F. FLOOD SUPPLY CO., Action Machinery Company, Pexto Machine a/k/a Peck, Stow and Wilcox Company and Positive Safety Manufacturing Company, Inc.,**

**and**

**Equipto Co., Inc.**

**and**

**LVD Company.**

**Appeal of LVD COMPANY.**

Superior Court of Pennsylvania.

Submitted Jan. 3, 1984.

Filed June 8, 1984.

Domenic P. Sbrocchi, Bangor, for defendant-appellant.

George A. Hahalis, Bethlehem, for defendants-appellees.

Before SPAETH, President Judge, and DEL SOLE and HESTER, JJ.

DEL SOLE, Judge:

This matter is before the Court on an appeal from the Order of the Court of Common Pleas of Northampton County, Pennsylvania denying LVD Company's Petition to Strike a Judgment. Jurisdiction is based upon Pennsylvania Rule of Appellate Procedure No. 311(a)(1).[1]

1. While Pa. Rule of Appellate Procedure No. 311(a)(1) permits this interlocutory appeal as a matter of right from the order denying the request to strike the judgment, it is this writer's opinion that the Rule should be amended to prevent such an appeal where the relief requested is alternative, i.e., strike and/or open the judgment, until the trial court makes a determination on both requested reliefs sought.

Briefly stated, the record reveals that the Plaintiff filed an action in trespass seeking to recover damages for personal injuries which she allegedly sustained on September 24, 1974, while working on a machine at her place of employment. Her complaint was filed against Robert F. Flood Supply Company, Action Machinery Company, Pexto Machine a/k/a Peck, Stow and Wilcox Company and Positive Safety Manufacturing Company, Inc., Original Defendants. Subsequently, Pexto Machine filed a complaint to Join Equipto Co., Inc. and later LVD Company as Additional Defendants. No appearance was entered for LVD Company, service having been attempted by registered mail.

The matter was called for trial on October 31, 1978, before a judge of the Court of Common Pleas of Northampton County, Pennsylvania and the record reveals that no one appeared on behalf of LVD Company.[2]

■ The Court, after discussion with counsel present, directed the jury to enter a verdict in favor of Plaintiff in the sum of $50,233.21 against Pexto Machine a/k/a Peck, Stow and Wilcox Company on the joinder. Verdicts were also entered in favor of Action Machine Company, Positive Safety Manufacturing Company, Inc., and Equipto Company, Inc. Counsel representing all parties except LVD Company, consented to the entry of the verdicts. No testimony was taken with respect to liability or damages at the time of the entry of the directed verdicts nor were any of the allegations of facts as contained in the Complaint to Join LVD Company entered as part of the record. Following the direction of the Court, the jury returned the verdicts as instructed.[3]

---

**2.** The record does not reflect that LVD Company received notice of the trial date.

**3.** Our review of the record does not reveal that judgment was ever entered on the verdict. However, since all of the parties and the court have treated this matter as though the judgment had been entered, to the extent of having a certified copy of the judgment forwarded to a sister state for enforcement, we will treat the matter as though judgment had been entered and we are permitted to do this by virtue of Pa.Rule of Appellate Procedure 105(a) which permits us to disre-

On or about May 14, 1981, the Petitioner, LVD Company, received notice of a garnishment proceeding in Superior Court, County of Hartford, Hartford, Connecticut and following that retained counsel and filed the Petition to Open and/or Strike Judgment with the Court of Common Pleas of Northampton County, Pennsylvania.

The trial court determined that it would proceed on the request to strike the judgment and hold in abeyance the request to open the judgment. The trial court determined that it would proceed on the request to open the judgment. The trial court by its Order of June 21, 1982, accompanied by its Memorandum Opinion denied and dismissed LVD Company's Motion to Strike Judgment and directed the parties to take whatever testimony deemed necessary. LVD has appealed the Order denying its Motion to Strike Judgment and for the reasons stated herein we Reverse.

▆▆▆ First, it should be noted that a petition to strike a judgment can be granted only for a defect appearing on the face of the record. *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1960). LVD has challenged the trial court's entry of a directed verdict against it based upon the hearing where no evidence was taken to establish either liability or damages on the part of LVD. A review of the record clearly indicates that no testimony was taken and that no facts were introduced to establish either liability or damages against LVD Company. It is obvious that the directed verdicts on behalf of the Plaintiff against the Original and Additional Defendants and the verdict over against the Additional Defendant was based upon the consent of counsel present at the proceeding. Obviously, those parties who were present and consented to the entry of a verdict are bound by it, but they cannot bind the Additional Defendant who was not present.

gard the requirements of provisions of any rules in a particular case in order to expedite the decision. Keeping in mind that this is not an appeal from the entry of a judgment but rather from an order denying a petition to strike judgment, which is an interlocutory order appealable as a matter of right. Pa. Rule of Appellate Procedure 311(a)(1).

■ The trial court in discussing the argument that no testimony was taken at the time of trial, stated in its opinion that this argument would have to be advanced after additional facts have been developed via deposition or otherwise. This is not the case. The record clearly reflects, in reviewing the transcript of the proceeding before the jury, that nothing was done at the time of the entry of the verdicts in this case to satisfy any legal requirement establishing a cause of action and/or liability on behalf of the Additional Defendant.

Pa. Rule of Civil Procedure 2255(c) which provides:

"No judgment on the pleadings may be entered in favor of any party against an additional defendant for failure to answer the complaint of the party joining him, but all allegations of fact and such complaint to which an answer is required and which are not sufficiently answered shall be conclusive upon the additional defendant."

clearly prevents the entry of a default judgment against an additional defendant for failure to answer and/or appear at the time of trial. Thus, the trial court could not be treating LVD's failure to appear as a default nor could it properly enter any damage award against LVD since no evidence of record appears to indicate the extent of the Plaintiff's injuries.

For this reason, we will Reverse the decision of the trial court and direct that the judgment entered against LVD Company be stricken. This matter will be returned to the Court of Common Pleas of Northampton County, Pennsylvania in order that that court may proceed with a determination as to whether or not LVD Company was properly served as an additional defendant in the within captioned matter and, if so, if it is liable on the cause of action declared upon by the Original Defendant.

Jurisdiction is relinquished.

SPAETH, President Judge, concurs in the result.