# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert C. Bolus, Sr.,       :
             Appellant   :
                          :
       v.             :   No. 1077 C.D. 2018
                          :   Argued:  September 10, 2019
Lackawanna County Tax Claim   :
Bureau, Mid-Valley School District  :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  October 16, 2019**

Appellant Robert C. Bolus, Sr. (Bolus) appeals from the order of the Court of Common Pleas of Lackawanna County (trial court), dated May 1, 2018, which denied Bolus's petition to strike a judgment entered on June 6, 2017, against Bolus and in favor of the Lackawanna County Tax Claim Bureau (Bureau).  For the reasons that follow, we reverse the trial court's order and remand this matter to the trial court.

Since 2001, Bolus and the Bureau have been engaged in a dispute surrounding delinquent property taxes levied on Bolus's property at 922 Sanderson Street in the Borough of Throop, Lackawanna County (the Property).  In 2008, the trial court barred a scheduled tax sale of the Property after Bolus argued, *inter alia*, that he and the Bureau had already settled the outstanding taxes as part of an earlier

condemnation proceeding. Bolus then filed exceptions to the Bureau's claim for taxes, after which the Bureau held a hearing on the matter and determined that the taxes due on the Property—then $172,417—were not discharged as part of the condemnation proceeding because it did not involve the Property. Bolus appealed that determination to the trial court.

After a lengthy period of inactivity, the trial court, in 2017, held a jury trial to determine whether Bolus and the Bureau had entered into an agreement that settled the delinquent taxes on the Property. During the proceedings before the trial court, the parties stipulated that if the jury found that such an agreement does exist, the trial court would enter judgment for Bolus, but if it found no such agreement, the trial court would enter judgment for the Bureau. (*See* Original Record (O.R.), Item No. 39 at 3-4, 109.) The jury found that no such agreement exists and, in the absence of any timely post-trial motions, the Bureau filed a praecipe to enter judgment pursuant to Pa. R.C.P. No. 227.4(1)(a). Accordingly, the Clerk of Judicial Records entered judgment in favor of the Bureau and against Bolus for $187,612.74 plus statutory interest.

Bolus then filed a timely petition to strike the judgment. In support, he first argued that the judgment is defective because the jury's verdict did not contain a monetary award and, therefore, no such award could be entered as a judgment against him. Second, he argued that the judgment impermissibly subjects him to an *in personam* judgment for the stated amount, whereas it should be limited to an *in rem* judgment against the Property. The Bureau argued, in response, that the parties had stipulated the amount of the monetary award and that the Bureau has statutory authority to pursue an *in personam* judgment against Bolus. In its opinion and order dated May 1, 2018, the trial court denied the petition to strike, subject to the

2

following clarification: "The judgment entered on June 6, 2017, in the amount of $187,612.74, is an *in rem* or *de terris* judgment only with regard to the [Property], and is not an *in personam* judgment against [Bolus] personally." (Br. of Appellant, Appendix at 17-18.)

On appeal,[1] Bolus argues that the trial court erred, for two reasons, in denying his petition to strike.[2] Bolus points out that the trial court never issued a final order disposing of his challenge to the tax claim or fixing the amount of the claim. He argues that the entry of judgment without such a final order violates Section 314 of the Real Estate Tax Sale Law (RETSL)[3] and that, accordingly, the judgment is legally deficient and should be stricken. The Bureau does not address this argument in its brief in this Court,[4] but focuses only on the other issue Bolus raises—*i.e.*, whether the trial court should have stricken the judgment because,

---

[1] This Court has not directly stated its standard of review in an appeal from a petition to strike a judgment entered pursuant to a jury verdict. We have, however, observed that "a petition to strike is not a chance to review the merits," but "is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *City of Phila. v. David J. Lane Advert., Inc.*, 33 A.3d 674, 677 (Pa. Cmwlth. 2011) (en banc). Given this, we find persuasive and will apply here the Pennsylvania Superior Court's longstanding holding that the appropriate standard of review of "the denial of a petition to strike a judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law." *Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 915 (Pa. Super. 2006) (quoting *S. Med. Supply Co. v. Myers*, 804 A.2d 1252, 1256 (Pa. Super. 2002)); *accord Dep't of Commerce v. Carlow*, 687 A.2d 22, 24 n.3 (Pa. Cmwlth. 1996) (holding that, on appeal from denial of petition to strike confessed judgment, appellate court "should refrain from reversing a trial court's decision unless it is shown that the court committed an error of law or manifestly abused its discretion"), *appeal denied*, 698 A.2d 596 (Pa. 1997). The scope of our review is limited to the contents of the record at the time the trial court entered the judgment that the petition seeks to strike. *Linett v. Linett*, 254 A.2d 7, 10 (Pa. 1969).

[2] We have reversed the order of Bolus's arguments for purposes of analysis and disposition.

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.314.

[4] We also note that the trial court has not addressed this particular argument, despite that Bolus specifically asserted it in his Pa. R.A.P. 1925(b) statement of errors complained of on appeal.

3

notwithstanding the trial court's attempted clarification, it is an impermissible *in personam* judgment against Bolus. At the outset, we note that a court may grant a petition to strike a judgment only when a fatal defect or irregularity in the judgment appears on the face of the record. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917 (Pa. 1997). "Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment." *Id.* at 919.

Section 314 of the RETSL provides the procedural framework for a challenge to a tax claim based on prior payment or the alleged invalidity of the claim. Section 314(b) allows a taxpayer to file exceptions to the claim with the Bureau, upon which the Bureau notifies interested taxing districts, holds a hearing, and either allows or disallows the exceptions. Pursuant to Sections 314(b)-(d) of the RETSL, if aggrieved by the Board's action, the taxpayer may appeal by petition to the court of common pleas, which invites taxing districts and the Bureau to answer the petition and conducts a jury trial, or a bench trial if the taxpayer has waived the right to a jury trial. Finally, Section 314(f) of the RETSL, on which Bolus relies specifically, provides:

> After verdict by the court or the jury, the court shall, *by its final order*, either affirm or set the claim aside, or reduce the amount of the claim *and fix the proper amount thereof in accordance with the verdict*, and shall assess the costs of the proceedings as it shall determine. Upon *final order of the court*, or upon final disposition thereof upon appeal, if the entire claim has not been set aside, *such return shall become absolute*.

(Emphasis added.)

4

Thus, the RETSL[5] clearly requires that the court of common pleas issue an appealable final order affirming or setting aside the claim and fixing the proper amount of the claim in accordance with the jury's verdict. Where the final order does not set the entire claim aside, the claim "become[s] absolute" upon the issuance of the required final order (or after appeal of that order), which ends the taxpayer's challenge and prevents future validity challenges.[6] Before a tax claim becomes absolute, the Bureau may not pursue the claim by sale of the property. *See* Section 601(a)(1)(i) of the RETSL, 72 P.S. § 5860.601(a)(1)(i) (requiring, before upset sale,[7] that "[the] tax claim has become absolute"); *In re Upset Sale, Tax Claims Bureau of Montgomery Cty.*, 205 A.2d 104, 106 (Pa. Super. 1964) (en banc) ("[T]he claims never became absolute and the sales were unauthorized.").

It is undisputed that Bolus's challenge to the tax claim is proceeding under Section 314 of the RETSL.[8] Here, the record reveals no order of any kind from the trial court between the jury's verdict and the entry of judgment for the

---

[5] 72 P.S. §§ 5860.101-.803.

[6] Section 102 of the RETSL, 72 P.S. § 5860.102, defines "absolute" as "the perfection of a claim for taxes under [S]ection 311 [of the RETSL, 72 P.S. § 5860.311], *after which the validity of the claim may not be challenged*." (Emphasis added.) Section 311 of the RETSL provides, in turn, that a claim not paid and to which no exceptions are filed within a statutory notice period "shall become absolute," but Section 314 of the RETSL clearly contemplates that once a claim is challenged, it becomes absolute only upon issuance of the final order required in Section 314(f) of the RETSL.

[7] An upset sale is a prerequisite for judicial sales and private sales. *See* Sections 610 and 613 of the RETSL, 72 P.S. §§ 5860.610, .613.

[8] "It is well established that the liability to pay taxes cannot be enforced in a common law proceeding. Taxes can be collected in no way other than that provided by statute." *Bell v. Berks Cty. Tax Claim Bureau*, 832 A.2d 587, 594 n.14 (Pa. Cmwlth. 2003). The Bureau identifies no statute other than the RETSL for authority to perfect and pursue its tax claim against the Property. Moreover, the Bureau acknowledged in its letter brief before the trial court that "[Bolus] instituted the instant statutory appeal through [Section] 314(b)-(c) of the [RETSL]," and it went on to quote Section 314(f) of the RETSL specifically.

5

Bureau. (*See* O.R., Item Nos. 28 (verdict), 30 (praecipe for judgment), and 31 (petition).) Reviewing the entire portion of the record that existed at the time of the judgment in question, we see no indication that the trial court ever issued such a final order. Thus, it appears that the trial court has not complied with the requirement in Section 314(f) of the RETSL to dispose of Bolus's challenge to the tax claim by either affirming it or setting it aside and by fixing the amount of the claim. Accordingly, the Bureau's claim has not become absolute under the RETSL, which implies that the claim remains subject to validity challenges and does not authorize the Bureau to force a sale of the Property.

This brings us to the question of whether the absence of a prior final order renders the judgment defective. The parties have conceded on appeal that the judgment, if valid, is an *in rem* judgment against the Property and not against Bolus personally.[9] This *in rem* judgment has the practical effect of allowing the Bureau to force the sale of the Property to satisfy the tax claim. *See* Pa. R.C.P. No. 3190 ("A judgment *in rem* in an action or proceeding upon a . . . tax claim . . . shall be enforced against the real property subject to the . . . claim . . . in accordance with [Pa. R.C.P. Nos.] 3180 to 3183 governing the enforcement of judgments in mortgage foreclosure."); *see also* Pa. R.C.P. Nos. 3180-3183 (providing for enforcement by writ of execution and sheriff's sale). Entering that judgment (and thus allowing sale of the Property) before issuance of a final order violates the requirement of a final order as a prerequisite to sale in Section 314 of the RETSL. In other words, the judgment lacks what Section 314(f) of the RETSL clearly requires—a "final order

---

[9] Although Bolus takes the position that the judgment should not have been entered at all, he argues, in the alternative, that the Clerk of Judicial Records should have entered only "an *in rem* judgment against the [P]roperty." (Br. of Appellant at 8.) The Bureau does not challenge the trial court's clarification of the judgment as *in rem*. The parties, therefore, agree that if any judgment is properly entered in this matter, it is an *in rem* judgment against the Property only.

6

of the court" disposing of Bolus's validity challenge *before* the tax claim "become[s] absolute" or is reduced to an executable judgment. The absence of the legally required final order is a fatal defect in the judgment entered against Bolus that is apparent on the face of the record as it existed at the time of the judgment.[10] The trial court, therefore, erred in denying Bolus's petition to strike the judgment.

Accordingly, we will reverse the trial court's order and remand this matter so that the trial court may strike the judgment and issue the final order required by Section 314(f) of the RETSL.

P. KEVIN BROBSON, Judge

---

[10] We conclude on this basis that the trial court should have stricken the judgment. Thus, we do not address Bolus's remaining argument on appeal concerning whether the trial court's clarification of the judgment as *in rem* was effective.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Robert C. Bolus, Sr.,                          :
                                   Appellant   :
                                               :
          v.                                   :     No. 1077 C.D. 2018
                                               :
Lackawanna County Tax Claim                    :
Bureau, Mid-Valley School District             :

# **O R D E R**

AND NOW, this 16th day of October, 2019, the order of the Court of Common Pleas of Lackawanna County (trial court), dated May 1, 2018, is REVERSED, and this matter is REMANDED to the trial court for proceedings in accordance with the accompanying opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge