Sayre Scheiner and Edith Scheiner and Scheiner's Scrap Yard, Inc., Appellants *v*. Redevelopment Authority of the City of McKeesport, Appellee.

Argued February 28, 1983, before Judges BLATT, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Samuel J. Goldstein,* for appellants.

*Clifford A. Johns, Jr.,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., September 16, 1983:

Sayre Scheiner and Edith Scheiner, his wife, together with Scheiner's Scrap Yard, Inc., have jointly appealed from an order of the Court of Common Pleas of Allegheny County denying their petition to strike or open a judgment in an eminent domain case.

Until 1975, Sayre and Edith Scheiner owned certain land in the City of McKeesport, Allegheny County. They leased their property to Scheiner's Scrap Yard, Inc., for the conduct of its business. In March of 1975, the lessors and the lessee joined in a petition for the appointment of viewers to assess condemnation damages against the Redevelopment Authority of the City of McKeesport (Authority). In addition to claiming damages for the lessors' land and for machinery and equipment of the lessee, the condemnees also asserted that the Authority's taking would completely dislocate the business of the lessee, Scheiner's Scrap Yard, Inc.[1]

On April 13, 1977, the board of viewers entered an award granting $46,000 to Sayre and Edith Scheiner as realty damages. Against this sum the Authority

---

[1] We use the plural word "condemnees" because in the proceedings below, and in this appeal, Mr. and Mrs. Scheiner and Scheiner's Scrap Yard, Inc., are named as co-parties.

was given a credit of $38,000, which had been paid as estimated just compensation. The award also granted Mr. and Mrs. Scheiner $500 as an attorney fee, and provided that delay compensation would be calculated from August 21, 1975. As further damages, the viewers awarded $15,692 for the machinery and equipment. The award stated, however, that "nothing" was being allowed for business dislocation damages, because Scheiner's Scrap Yard, Inc., was still in possession of the premises.[2] The viewers' award was appealed by the condemnees to the Court of Common Pleas of Allegheny County; the Authority also took an appeal.

While the matter was pending before the Court of Common Pleas, the parties entered into negotiations. As a result of those negotiations a consent order was prepared, and was subsequently signed by counsel for the parties and by the court. The consent order, which was dated November 15, 1979, provided as follows:

> AND NOW, to wit, this 15th day of November, 1979, it is hereby Ordered, Adjudged and Decred [sic] that judgment be entered in favor of Plaintiff-Condemnee in the total sum of $70,000.00. Said sum to include *all claims* of Plaintiff-Condemnee *including* real estate, machinery and equipment, *business dislocation*, attorney and appraisal fees, delay compensation and interest. The Defendant is to be given credit for an estimate of just compensation payment in the amount of $38,000.00, leaving a balance due the Plaintiff-Condemnee of $32,000.00. (Emphasis added.)

The condemnees do not dispute that the consent order was signed on behalf of Mr. and Mrs. Scheiner, and on behalf of Scheiner's Scrap Yard, Inc. About

---

[2] It appears that after the condemnation, Scheiner's Scrap Yard, Inc., entered into a lease arrangement with the Authority.

two months after the consent order was signed by the parties and the court, the condemnees accepted payment of the sum mandated by the order; and the case was marked satisfied. Shortly thereafter, the condemnees filed a petition to *strike* the judgment that had resulted from the consent order.

In the petition collaterally attacking the judgment, the condemnees alleged that the underlying consent order was signed by their counsel while he harbored a mistaken belief: that business dislocation damages, with respect to Scheiner's Scrap Yard, Inc., had been previously paid. In other words, according to the condemnees, they never intended that the sum stated in the consent order would also settle the business dislocation claim. However, in their petition for collateral relief, the condemnees did not assert that the alleged mistake of their counsel resulted from a misrepresentation by any other person or agency. In that regard, the condemnees' sole allegation was that the Authority never informed the condemnees' counsel that there had not been any payment relative to business dislocation damages.

The Authority responded with an answer that put in issue the principal allegations of the petition. The trial court treated the condemnees' petition as one to *strike or open* the judgment, and proceeded to receive evidence in the form of depositions. Thereafter, the trial court issued an order denying relief. We conclude that the trial court's order was correct.

It is well settled that a judgment cannot be stricken on the basis of allegations, such as those in the instant case, that go beyond the face of the record. *E.g.*, *In Re Estate of McCauley*, 478 Pa. 83, 385 A.2d 1324 (1978); *Wilson v. Vincent*, 300 Pa. 321, 150 A. 642 (1930). Even with their petition being treated as one to *open* the judgment, the condemnees did not sufficiently allege or show a basis for that relief. It must

be remembered that the judgment here in question resulted from the consent of the litigants as to its terms. Thus, the judgment was a consent judgment. In the absence of fraud or *mutual* mistake, a collateral attack upon a consent judgment is improper. *International Organization Masters, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America, Inc.,* 456 Pa. 436, 318 A.2d 918 (1974); *Baran v. Baran,* 166 Pa. Superior Ct. 532, 72 A.2d 623 (1950). In the instant case, the condemnees' petition for relief did not even come close to alleging fraud; nor was any fraud shown. The mistake alleged by the condemnees, and the evidence in that regard, could only indicate a unilateral mistake on the part of the condemnees.

Accordingly, we affirm the order of the trial court.

ORDER

AND Now, the 16th day of September, 1983, the order of the Court of Common Pleas of Allegheny County at No. GD75-5086 denying the petition to strike or open the judgment is affirmed.