City of Pittsburgh, Appellant *v.* Delmar F. Thomas, Jr., and Nancy J. Thomas, Appellees.

City of Pittsburgh, Appellant *v.* Delmar F. Thomas, Jr., and Nancy J. Thomas, Appellees.

Submitted on briefs October 10, 1985, to Judges MACPHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Kellen McClendon,* Assistant City Solicitor, with her, *John Regis Valaw,* Assistant City Solicitor, and *D. R. Pellegrini,* City Solicitor, for appellant.

*Michael H. Sable,* for appellees.

OPINION BY JUDGE MACPHAIL, November 13, 1985:

The City of Pittsburgh (City) appeals here an order of the Court of Common Pleas of Allegheny County vacating a prior order of that court which required Delmar and Nancy Thomas (Thomas) to vacate certain premises owned by the City.[1]

---

[1] This opinion encompasses two petitions for review because both petitions refer to the same court order. The confusion arises from the fact that the appeal bearing our docket number 2444 C.D. 1984 was a case in equity indexed in Allegheny County as GD 83-09874. The final order in that case was dated August 14, 1984 and its content is discussed in this opinion. The appeal bearing·our

Because a considerable amount of confusion surrounds the record in this case, a brief summary of the events leading up to this appeal is necessary. On December 7, 1981, the Thomas property (property)[2] was sold to the City for the nonpayment of city, school and county taxes in accordance with the Tax Sales Act for Cities of the Second Class.[3] The sale was confirmed absolute on February 22, 1982, and the deed was recorded with the property in the City's name.

By letter dated February 11, 1982, the City offered to lease the property to Thomas on a month-to-month basis. On April 19, 1982 and September 3, 1982, the City again advised Thomas that a lease must be entered into or Thomas would have to vacate the property. Thomas did not respond to the City's offer, and on October 1, 1982, the City rescinded its offer and requested Thomas to vacate the premises. Thereafter, Thomas attempted to pay one month's back rent to the City, which the City refused to accept on November 18, 1982. Although the City again ordered Thomas to vacate the premises, he did not do so.

On March 31, 1983, the City condemned the property as being unsafe and dangerous. Thomas then

docket number 2514 C.D. 1984 is indexed in Allegheny County as GD 82-03353 and deals with the tax sale of the Thomas property and the subsequent redemption proceedings, also discussed in this opinion. By order dated September 11, 1984, the same trial judge who had entered the final order appealed from in 2444 C.D. 1984, held that that same order also adjudicated the rights of the parties in the appeal at 2514 C.D. 1984. In effect, then, there is but one order for us to review and that is the order of August 14, 1984.

[2] The Thomas property was located at 420 North Aiken Avenue, Block 50-H-Lot 150, 11th Ward, Pittsburgh.

[3] Act of July 5, 1947, P.L. 1258, *as amended, formerly* 53 P.S. §§26101-26116, repealed by Section 604(a) of the Act of October 11, 1984, P.L. 876. A similar act is now found in the Second Class City Treasurer's Sale and Collection Act, Act of October 11, 1984, P.L. 876, 53 P.S. §§27101-27605.

filed a petition for hearing on the condemnation with the trial court at GD-0147 as well as a petition to redeem real estate at GD 82-03353. Also, on that date, the trial court issued a Rule to Show Cause why Thomas should not be allowed to redeem the property. On April 28, 1983, Thomas petitioned to allow redemption of real property through installment payments.

Although the City never answered the Rule, Judge SILVESTRI of the court of common pleas on May 10, 1983 denied the Thomas petition to allow redemption. Thomas petitioned for reconsideration of the May 10, 1983 order, which was denied by the court on June 1, 1985.

On June 15, 1983, the City filed a Complaint in Equity and Motion for Preliminary Injunction at GD-83-09874, alleging that Thomas was illegally on the property and requesting that Thomas be removed. On August 12, 1983, the court dismissed the City's motion for preliminary injunction without prejudice to the City's right to proceed with a final injunction.

On September 15, 1983, the trial court consolidated the actions at GD-07147 (hearing on condemnation) and GD 83-09874 (complaint in equity). On November 22, 1983, after a review of the pleadings filed at both actions, Judge SILVESTRI: (1) certified GD 83-09874 to the law side of the court; (2) ordered the City to amend GD 83-09874 to an action in ejectment; and (3) stayed all proceedings at GD 83-07147 pending the disposition of GD 83-09874.[4]

On May 2, 1984, the City petitioned the court to vacate the Thomas petition to redeem real estate,

---

[4] In addition, Judge SILVESTRI ordered that if GD 83-09874 was determined in favor of the City, GD 83-07147 would be dismissed; if GD 83-09874 was determined adversely to the City, further proceedings would be had at GD 83-07147.

averring that Thomas had obtained a court order permitting the redemption of the property on March 31, 1983 but that as of May 2, 1984, Thomas had not paid the redemption monies. On May 2, 1984, Judge SILVESTRI vacated the March 31, 1983 order.

On May 21, 1984, Thomas and the City entered into a consent order,[5] which provided in full:

1. Title to the said property being in the [City], [Thomas] shall vacate, remove all personal property, and turn over possession of 420 North Aiken Avenue to the [City] by July 21, 1984.

2. [Thomas] waive[s] the necessity of the [City's] securing a Writ of Possession, the intent of the parties being that the [City] shall have possession of the property by July 21, 1984.

3. Judgment in favor of the [City] and against [Thomas] for [Thomas'] use of the said property shall be entered herein in the amount of nine thousand, nine hundred, seventy-five dollars ($9,975.00).

4. Failure of [Thomas] to comply with any terms of this Order shall automatically be deemed contempt of court.

5. The determination of contempt shall be based solely upon the testimony of the Superintendent of the Bureau of Building Inspection.

6. [Thomas] shall indemnify, hold harmless, and defend the [City] from any liability or actions that arise as a result of the [City's]

---

[5] The order was signed by Judge FARINO, and witnessed and consented to by Delmar Thomas, Nancy Thomas, Kellen McClendon, Assistant City Solicitor, and Michael Sadler, Attorney for the Thomases.

consenting to this agreement and [Thomas'] occupancy and use of said property.

Thomas did not vacate the property on July 21, 1984, the agreed upon date. Instead, Thomas filed a petition to vacate the consent order and allow redemption of the property nunc pro tunc. In this petition to vacate, Thomas alleged (for the first time) that the original notice of the December 7, 1981 treasurer's sale was insufficient and averred that he was able and willing to redeem the property on an installment basis. After a hearing, Judge FARINO vacated the consent order and entered an order allowing Thomas to redeem the property on an installment basis. On September 12, 1984, Judge FARINO ordered that GD 83-09874 (the City's Complaint in Equity) be fully applicable and controlling on GD 82-03353 (the Thomas petition to redeem the property). After Judge FARINO denied the City's petition for reconsideration, the instant appeal followed.

The City contends in this appeal that the trial court erred in vacating the consent order and allowing Thomas to redeem the property on an installment basis because (1) the consent order was binding on the parties under the doctrine of res judicata; (2) absent fraud, accident or mistake, the court did not have the authority to vacate the consent order, and (3) assuming the consent decree was validly vacated, there is no legal authority which would permit Thomas to redeem the property on an installment basis. Thomas contends that the trial court acted in its sound discretion in vacating the consent decree and permitting Thomas to redeem the property on an installment basis, averring that (1) Thomas was always ready and willing to redeem the property on an installment basis; (2) the City acted arbitrarily in denying Thomas the right to redeem the property on

an installment basis; (3) the installment plan would not harm the City; and (4) Thomas signed the consent order under duress.

We will first address the City's argument that the doctrine of res judicata barred the trial court from vacating the consent decree. A consent decree may operate as res judicata on future actions. *Department of Environmental Resources v. Borough of Carlisle,* 16 Pa. Commonwealth Ct. 341, 330 A.2d 293 (1974).

> For the doctrine of res judicata to prevail, there must be a concurrence of four conditions: (1) the identity in the thing sued upon; (2) identity of the cause of action; (3) identity of the persons and parties to the action and (4) identity of the quality or capacity of the parties suing or sued. . . . *A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action.*

*Sharp v. Department of Transportation,* 67 Pa. Commonwealth Ct. 522, 524-25, 447 A.2d 1057, 1058 (1982) (citations omitted) (emphasis added) (quoting *Bearoff v. Bearoff Brothers, Inc.,* 458 Pa. 494, 497, 327 A.2d 72, 74 (1974)). As previously noted, the court denied Thomas' petition to redeem the property on May 10, 1983. It is clear from the record that this judgment involves the same parties, thing sued for, cause of action and capacity of the parties involved in Thomas' later petition to vacate the consent order. We hold that the doctrine of res judicata barred the court from later permitting Thomas to redeem the property on an installment basis.[6]

---

[6] We note in passing that redemption of property is *not* allowed on an installment basis. *See* Section 3 of the Tax Sales Act, 53 P.S. §26103. (Lands sold under this act may be redeemed by the owner within one year after such sale by the payment of the *full*

We now turn to the City's contention that the trial court did not have the authority to vacate the consent order. We agree. In *Dravosburg Housing Association v. Dravosburg Borough*, 71 Pa. Commonwealth Ct. 144, 149, 454 A.2d 1158, 1161 (1983), this Court reaffirmed the principle that "in the absence of fraud, accident or mistake, a court has neither the power nor the authority to vary or modify the terms of a consent decree." Although Thomas has argued to this Court that the consent decree was fraudulently entered into, Thomas did not raise this claim in his petition to vacate the consent order[7] and, therefore, the trial court made no findings in this regard. We hold that Thomas has waived this issue and cannot now complain that the consent decree was entered into by fraud.

Furthermore, nothing in the record of this case supports a conclusion that the consent decree was the result of fraud, accident or mistake. Accordingly, we will reverse the order of August 14, 1984 and reinstate the consent decree.

## ORDER IN 2514 C.D. 1984

The order of September 11, 1984, at G.D. 82-03353 incorporating the order of August 14, 1984, is reversed.

---

amount which the purchaser paid for taxes and costs plus ten percent.) A similar provision is now found at 53 P.S. §27304. The fact that Thomas is ready and willing to redeem the property on an installment basis is not a relevant consideration on the issue of whether redemption is permitted.

[7] Although Thomas alleged that he had received insufficient notice of the December 7, 1981 tax sale, there are no factual allegations which would support a conclusion that the notice he received was insufficient. In addition, this allegation does not even come close to alleging fraud or mutual mistake. *See Scheiner v. Redevelopment Authority, City of McKeesport*, 77 Pa. Commonwealth Ct. 181, 465 A.2d 140 (1983).

ORDER IN 2444 C.D. 1984

The order of the Court of Common Pleas of Allegheny County, at No. G.D. 83-09874, dated August 14, 1984 is reversed and the Consent Order at No. G.D. 83-09874, dated May 21, 1984, is hereby reinstated in full.