ZULICK, J.,
This action for injunctive *119 relief and damages under the Unfair Trade Practices and Consumer Protection Act, 73 P.S. §201-1 et seq. was commenced by complaint filed by the office of the attorney general on behalf of the Commonwealth on May 28, 2003. An affidavit of service was filed on August 19, 2013. The affidavit of service of the complaint was signed by Charles J. Cascio, agent supervisor for the office of attorney general, bureau of consumer protection, who stated that he personally served a copy of the complaint upon Christy Mara, wife of defendant Edward Mara, at 24 Olde Mill Run, Stroudsburg, Pennsylvania on May 30, 2003 at 12:30 p.m.
Plaintiff filed an amended complaint on October 22, 2009. No answer was filed to the amended complaint and a ten day notice of intention to take default judgment was mailed to defendant c/o Tropical Pools/Mountain Services, 106 Fox Chase Road, Stroudsburg, PA 18360 and c/o Marshalls Creek Nursery, Inc., 2015-0 Tanite Road, Stroudsburg, PA 18360. When no answer was forthcoming, plaintiff took a default judgment on October 8, 2010.
The Commonwealth filed a motion on November 1, 2010 for a hearing to establish damages and to obtain remedies pursuant to P.R.C.P. 1037(d). That hearing was held on November 23, 2010. The plaintiff appeared and presented witnesses. The defendants had entered no appearance in the action and were not present.
A final order was issued on December 16, 2010. The order granted injunctive relief against Edward Mara and *120 found in favor of nineteen consumers who had testified about damage to their properties or loss of funds caused by the defendant. Judgment was entered in favor of the Commonwealth in the amount of $428,809.49.
The Commonwealth filed a petition for sanctions on February 14, 2013, alleging that Mara had again contracted with consumers for installation of swimming pools in Pennsylvania in violation of the court’s injunction of December 16, 2010. A hearing was scheduled for March 19, 2013, and the court required that the defendant be personally served. The Commonwealth filed several motions for continuance when it was unable to obtain personal service of the petition and order upon the defendant. A hearing was eventually scheduled for July 30, 2014.
Defendant Mara filed a motion to strike off judgment and motion to dismiss for lack of jurisdiction — limitations on July 26, 2014. The petition alleged inter alia that defendant was not served with the original complaint, the amended complaint, or notice of the trial date, and that the default judgment was void due to lack of an affidavit of service on the record. The court entered a rule on the defendant’s motion on July 29, 2013, and postponed the hearing on the Commonwealth’s motion for contempt.
The Commonwealth filed an answer to the petition and the parties engaged in discovery. A hearing was held on the motion to strike judgment on August 20, 2014. The court reporter was directed to prepare a transcript and the attorneys were given leave to file briefs. Defendant Mara *121 then filed a supplemental motion to open the judgment on October 16, 2014. A hearing was scheduled on this motion for November 3, 2014. The parties appeared for the hearing, but defendant withdrew the motion to open before any witnesses were called at the hearing.
FINDINGS OF FACT
1. Charles J. Cascio, Agent Supervisor for the Office of attorney general, bureau of consumer protection, personally served a copy of the complaint on Christy Mara, wife of defendant Edward Mara, at 24 Olde Mill Run, Stroudsburg, Pennsylvania on May 30,2003 at 12:30 p.m. He signed an affidavit of service on June 16, 2003, but this affidavit was not filed of record until August 19, 2013.
2. Edward Mara is married and has lived with his wife Christy Mara from 2003 until the time of the hearing. NT at 6.
3. Edward Mara and Christy Mara resided at 24 Olde Mill Run, Stroudsburg, Pennsylvania in 2003. They moved that year to 106 Fox Chase Road, Stroudsburg. NT at 6-7.
4. Edward Mara filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Middle District of Pennsylvania on March 26, 2003. Commonwealth’s Exhibit 1. He was represented by Vincent Rubino, Esq.
5. On June 4, 2003, five days after Christy Mara was served with the complaint, attorney Rubino wrote a letter to attorney McGowan advising him in part:
*122 I am in receipt of the complaint which you recently filed against Edward Mara and Marshall’s Creek Nursery, Inc. Please be advised that this office represents Mr. Mara with respect to a chapter 13 bankruptcy proceeding filed in the Bankruptcy Court for the Middle District of Pennsylvania on March 26, 2003 pursuant to 5-03-51352. Attached please find a photocopy of the face page of the Bankruptcy Petition.
As a result of the bankruptcy filing, the Commonwealth of Pennsylvania may not proceed with the civil complaint against Mr. Mara. Kindly arrange to have the complaint discontinued.
Commonwealth’s Exhibit 1.
6. On January 14, 2005, a stipulation was filed in Edward Mara’s bankruptcy proceedings which stated in part:
WHEREAS, the Commonwealth of Pennsylvania had previously filed a complaint in Equity in state court in the Monroe County Court of Common Pleas on May 28,2003 in an action against the debtor docketed at No. 3800 CV 03; and
WHEREAS, the debtor and the Commonwealth are desirous of agreeing on the creation of three classes of consumer complaints within the context of the chapter 13 proceedings and are desirous of using this stipulation as part of the resolution of the pending state court action, which may also include injunctive relief.
Commonwealth’s Exhibit 2.
*123 7.The stipulation divided 21 individual consumer claims against Mara into three classes of claims, some of which claimed specific dollar amounts, totaling $57,918.00. Five of the claims did not have an agreed upon dollar amount. Id.
8. The Mara chapter 13 bankruptcy was dismissed on November 28, 2006. Commonwealth’s Exhibit 3.
9. The attorney general’s office sent Mara a letter at 205 Gower Road, Nazareth, Pennsylvania, dated October 8, 2010 on an unrelated consumer protection matter. Defendant’s Exhibit 3.
10. Edward Mara and his wife Christy Mara filed another bankruptcy petition in the Eastern District of Pennsylvania in 2011.
11. The Commonwealth filed a proof of claim in that bankruptcy, advising Mara that the Commonwealth claimed $525,309.49 from him, based upon the Monroe County judgment in this case. The proof of claim advised Maraofthe docket number of this case, and that a judgment by default had been entered against him on December 16, 2010. Commonwealth’s Exhibit 4.
12. Edward Mara was shown the proof of claim by his bankruptcy attorney after it was filed. NT at 21.
13. The full particulars of the judgment entered in this case were also detailed in a complaint to determine the non-dischargeability of the Commonwealth’s claims in this case against Mara. Commonwealth’s Exhibit 5. A copy of this complaint was sent to Edward Mara at 205 *124 Gower Road, Nazareth, PA 18064 on August 29,2011. Id.
14. This bankruptcy was dismissed in 2011. NT at 21.
15. Kierra Harms was working as a babysitter for Edward Mara, Jr., defendant Edward Mara’s son, in Palmer Township, Northampton County on July 17,2013. She was 17 years of age. She was served with the petition and order scheduling the contempt hearing in this case for July 31, 2013. NT at 33.
16. Edward Mara did not enter an appearance in this litigation until July 26, 2013.
DISCUSSION
Defendant has filed a motion to strike the court’s judgment of December 16, 2010, arguing that there was no affidavit of service of the complaint on the record at the time of the judgment. A motion to strike a judgment is in the nature of a demurrer directed to defects in the record. Such a motion will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the motion to strike must be denied. Malakoff v. Zambar, Inc., 288 A.2d 819 (Pa. 1972); Scheiner v. Redevelopment Authority of the City of McKeesport, 465 A.2d 140 (Pa. Cmwlth. 1983).
The Pennsylvania Supreme Court stated in Franklin Interiors v. Wall of Fame Management, 511 A.2d 761 (Pa. 1986):
It is well settled beyond peradventure that a petition to strike may be granted only for defects appearing *125 on the face of the record. (Citations omitted.) Review of a motion to strike, therefore, is limited only to the record as filed by the party in whose favor the warrant is given. (Citations omitted.) Accordingly, if the record is not self-sustaining, the judgment should be stricken.
Id. at 762.
Our supreme court has also noted that in making the determination whether fatal irregularities appear on the face of the record, a court must look only at what was in the record at the time the judgment was entered. Linett v. Linett, 254 A.2d 7 (1969).
Edward Mara contends here that the record supporting the default judgment against him was fatally defective because the Commonwealth violated Pa.R.C.P. 405. That rule provides in part:
Rule 405. Return of Service
(a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith...
(b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.
...(d) A return of service by a person other than the sheriff shall be by affidavit...
(e) The return of service or of no service shall be filed *126 with the prothonotary.
At the time of the entry of the default judgment on December 16, 2010, there was no affidavit of service on record. The Commonwealth filed the affidavit of service of Charles J. Cascio on August 19, 2013, in response to defendant’s motion to strike for lack of service. Mr. Cascio’s affidavit states that he served a copy of the complaint upon Christy Mara, defendant’s wife on May 30, 2003 at 24 Old Mill Run, Stroudsburg, Pennsylvania. Commonwealth’s Exhibit 6. The Commonwealth explains in its brief that when it received the letter from attorney Rubino, Mr. Mara’s bankruptcy counsel, 5 days after the complaint was served, referencing the same complaint that had just been served upon Christy Mara, it did not file the affidavit of service due to the existence of the bankruptcy automatic stay order.
The Commonwealth further argues that a review of the record shows that the complaint was properly served pursuant to Pa.R.C.P. 402(a)(2) which states that “(o) riginal process may be served... (2) by handing a copy (i) at the residence of the defendant to an adult member of the family with whom he resides;” Pa. R.C.P. 402 (a)(2). The late-filed affidavit of Charles Cascio is evidence of proper service of the complaint in compliance with the requirements of Rule 402(a). However, the superior court has held that a lack of an affidavit of service on the record at the time the prothonotary enters the default judgment may not be cured by a later filing of the affidavit:
The fact that appellee filed a return of service made *127 by Albert Zavodnick well after appellant filed its petition to strike does not cure the defect since we are obligated to look only at the record which existed when the judgment was entered. Linett, supra, Cintas Corp. v. Lee’s Cleaning Services, Inc., 672 A.2d 1371, 1372 (Pa. Super. 1996); reversed on other grounds, 700 A.2d 915 (Pa. 1997).
A review of the record in this case shows that there was no evidence of service of original process at the time the default judgment was requested. This case is different from the situation presented in Cintas, supra, where the supreme court found that the affidavit of service which was of record was adequate to establish proof of service. There the plaintiff’s attorney signed a certificate of service stating that the complaint had been served by a process server and provided the details. The superior court held that the actual process server must file the affidavit. The supreme court reversed and held that as long as the details of service were of record, the prothonotary was correct in entering the judgment. Here, there was no evidence of service of process on the docket when judgment was entered.
This case is also distinguishable from Knickerbocker Russell Co., Inc. v. Crawford 936 A.2d 1145, 1148 (Pa. Super. 2007). There the plaintiff’s attorney attached a completed affidavit of service from the Washington County Sheriff to plaintiff’s praecipe for default judgment, but the Allegheny County Sheriff did not file the actual return until sometime later. Judge Bowes opinion stated:
*128 ...the central issue was whether sufficient information existed for the prothonotary to conclude that appellant was properly served with the complaint. McKinney, supra; Cintas Corp., supra. We find that the Allegheny County Prothonotary had ample information to make this determination because appellee produced a signed, notarized return of service that was created by the Washington County Sheriff and specified the date, time, place, and manner of service upon Ms. Moore.
Knickerbocker at 1148.
The fact that there was no evidence of service of record makes this case akin to the recent case of ANS Associates, Inc. v. Gotham Ins. Co., 42 A.3d 1074 (Pa. Super. 2012) where a writ of summons was served by regular mail. Evidence was presented after the default judgment was taken to show actual service:
ANS and Chugtai argue that there was sufficient evidence of record to establish proper service.... However, in making this argument, ANS and Chugtai rely upon evidence that PPP did in fact receive the writ of summons.... This evidence was not part of the record at the time the default judgment was entered; thus, as noted above, it may not be considered by the court in ruling upon a petition to strike. Further, “improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her.” Cintas Corp. v. Lee’s Cleaning Services, Inc., 549 Pa. 84, 700 A.2d 915, 918 (1997). As such, the argument of ANS and Chugtai is *129 without merit.
ANS at 1077.
The issue raised here is in the nature of a procedural defect. Although Christy Mara testified that she did not recall being served with the complaint, Edward Mara’s bankruptcy counsel referenced the complaint in a letter within five days of the time Christy Mara was served. Serving Christy Mara, defendant’s wife, at their residence, was good service. The complaint was also addressed in some detail later in the Mara bankruptcy proceedings. Pennsylvania law requires, however, that there be evidence of service of record before the prothonotary enters a default judgment.
The motion to strike judgment will be granted. However, Edward Mara’s motion to dismiss the case will not be granted, as I find that he was actually served with the original complaint. He will be directed to file a response to the amended complaint within twenty days.
ORDER
And now, this 26th day of December, 2014, following hearing and consideration of the parties’ arguments and briefs, it is ordered that:
1. The motion to strike the default judgment entered in this matter is granted. The default judgment is stricken and the order of December 16, 2010 is vacated.
2. Defendant Edward Mara shall respond to the amended complaint within twenty days.