Peters Sportswear Co., Inc. *v.* Eastland Woolen
Mills, Inc., Appellant.

Argued April 19, 1967. Before BELL, C. J., JONES,
COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Horace A. Stern,* with him *Wexler, Mulder & Weisman,* for appellant.

*Abraham L. Shapiro,* with him *Harold Greenberg,* and *Cohen, Shapiro, Berger, Polisher & Cohen,* for appellee.

OPINION BY MR. JUSTICE COHEN, September 26,
1967 :

Plaintiff, a Pennsylvania corporation, commenced
an action of assumpsit by causing a writ of foreign at-

tachment to be issued against defendant, a foreign corporation. Because it held accounts receivable from defendant, plaintiff named itself as garnishee,[1] was served with the writ and complaint, and forwarded copies to defendant as required by Pa. R. C. P. 1267. Pursuant to Rule 1271, defendant filed preliminary objections raising a question of jurisdiction and alleging that at the time of service of the attachment, plaintiff, as garnishee, had no property of defendant in its possession, because all of the accounts payable by plaintiff to defendant had been assigned by defendant to a third party prior thereto. Thereafter, plaintiff filed preliminary objections in the nature of a demurrer alleging that defendant's preliminary objections (1) failed to demonstrate any basis for prohibiting the attachment of the accounts receivable and (2) failed to show a security interest in the assigned accounts enforceable against plaintiff, inasmuch as defendant had not alleged compliance with the Uniform Commercial Code.

The court below heard argument and, without writing an opinion, dismissed both sets of preliminary objections, with leave to defendant to file an answer to the complaint. Defendant has appealed.

Defendant contends that plaintiff's preliminary objections alone were before the court for determination and that the court was without power to dismiss defendant's preliminary objections before allowing defendant to establish those facts. Defendant's averments that plaintiff, as garnishee, had no property of defendant in its possession by reason of an earlier assignment by defendant of all of its accounts payable, were factual allegations not of record. Accordingly, once the lower court dismissed plaintiff's preliminary

---

[1] Plaintiff named a second garnishee, but the latter was never served.

objections, it should have allowed plaintiff to file a responsive answer to defendant's preliminary objections. If thereby an issue of fact were raised, the court should have proceeded to take evidence by depositions or otherwise. Pa. R. C. P. 1028(c). By dismissing plaintiff's preliminary objections the court in effect decided that defendant's preliminary objections did set forth a legal basis for challenging the jurisdiction of the court. Therefore, the court below should not have dismissed these preliminary objections without requiring plaintiff to file an answer and then take evidence as provided in the rules.

Pursuant to Rule 1271(1), a defendant may resist foreign attachment by preliminary objections. If the defendant files preliminary objections, the court's disposition thereof must be the same as when a garnishee raises preliminary objections under Rule 1268. (See Goodrich-Amram, §1271-2.) Rule 1268 requires that preliminary objections be handled exactly like other preliminary objections under Rules 1017 and 1028, and if questions of fact are raised, depositions should be taken in order to properly dispose of the objections. (See Goodrich-Amram, §1268(a)-3.)

The order of the court below dismissing defendant's preliminary objections is vacated and the cause remanded with instructions to permit plaintiff to file an answer to these preliminary objections and such further proceedings as provided for by the rules.

Order vacated.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.