333 A.2d 473
**PRINCETON SPORTSWEAR CORP., Appellant,**

v.

**REDEVELOPMENT AUTHORITY OF the
CITY OF PHILADELPHIA.**

Supreme Court of Pennsylvania.

Argued April 15, 1974.

Decided Jan. 27, 1975.

Lewis Kates, Kates, Livesey & Edelstein, Philadelphia, for appellant.

James D. Crawford, Richard D. Malmed, Philadelphia by Randall E. Ellington, Law Student Certified Pursuant to Rule 11 of the Pennsylvania Supreme Court, Redevelopment Authority of the City of Philadelphia, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The question presented by this appeal is whether the trial court was correct in sustaining preliminary objections to appellant's complaint in mandamus, and dismissing the suit. Unfortunately, several deficiencies in the record before us make it impossible to give an informed answer to the question. We will therefore reverse and remand.

The background of the present action is an eminent domain proceeding wherein the appellant was the condemnee and the appellee Authority was the condemnor. While no part of the record in that case is included in the record now before us, it appears that the declaration of taking occurred on September 23, 1964 and that possession of the condemned premises (of which appellant was a lessee) was relinquished on June 19, 1965. Thereafter appellant obtained jury verdicts of $3,000 for relocation of machinery and equipment and $2,500 for business relocation damages,[1] and judgment was entered in its favor in the amount of $5,500.

██ The Authority tendered payment of the amount of the judgment, but did not include appellant's costs ($336)[2] or delay compensation for the period following surrender of possession.[3] The tender was declined by

1. These claims were asserted and verdicts returned under former Sections 608 and 609, respectively, of the Eminent Domain Code, Act of June 22, 1964, Spec.Sess., P.L. 84. These sections have since been replaced by new Article VI–A of the Code as contained in the Act of December 29, 1971, P.L. 635, No. 169, § 8, 26 P.S. § 1–601A (Supp.1974).

2. The Authority's initial refusal to pay appellant's bill of costs was based upon the belief that appellant had not filed notice of its bill of costs in accordance with Philadelphia Rule 308. The Appellee now concedes that proper notice was served and states its willingness to pay the bill of costs.

3. Section 611 of the Eminent Domain Code, 26 P.S. § 1–611 (Supp.1974), provides:
 "The condemnee shall not be entitled to compensation for delay in payment during the period he remains in possession after

appellant, who then brought the present action in mandamus to compel payment in the amount of its judgment plus costs and compensation for delay. The appellee responded with four preliminary objections: the Authority is not a proper party defendant in a mandamus action; venue is improperly laid as to appellee in a county other than Dauphin; pendency of another action involving the same dispute renders the mandamus suit non-justiciable; an adequate remedy at law exists in the court which tried the eminent domain case to determine the basic issue, viz., whether delay compensation is recoverable with respect to business relocation damages. Appellant filed an answer to the preliminary objections denying all material allegations of fact, and averring, as new matter, a deviation by the Authority from its acknowledgment in the eminent domain case that appellant was entitled to delay compensation on the total amount of its verdicts. Eight months later the trial court entered its order sustaining the objections and dismissing the complaint. This appeal followed.[4]

the condemnation, nor during such period shall a condemnor be entitled to rent or other charges for use and occupancy of the condemned property by the condemnee. Compensation for delay in payment shall, however, be paid at the rate of six per cent per annum from the date of relinquishment of possession of the condemned property by the condemnee, or if the condemnation is such that possession is not required to effectuate it, then delay compensation shall be paid from the date of condemnation: Provided, however, That no compensation for delay shall be payable with respect to funds paid on account, or by deposit in court, after the date of such payment or deposit. *Compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto.* There shall be no further or additional payment of interest on the award or verdict." (emphasis supplied)

It was apparently the Authority's position in the eminent domain case that delay compensation is not payable with respect to that part of the judgment awarding damages for business dislocation.

4. The present proceeding, in substance if not in form, is one "arising under the Eminent Domain Code," and jurisdiction of

The preliminary objections and the answer thereto put in issue the factual question whether the Authority had made a tender of delay compensation in any amount, and whether the Authority had in effect repudiated an undertaking to pay delay compensation with respect to damages arising from business dislocation. These factual matters were left unresolved.[5] The objections and the answer also raised several discrete legal questions. The order appealed from, however, said simply that "the Preliminary Objections . . . are sustained . . ." No opinion was filed by the lower court.[6] For aught that appears from the record, therefore, the court sustained all the objections. Although the briefs in this Court indicate that the lower court may have focused on the last objection, that challenging the propriety of mandamus as the appropriate remedy, we have no way of knowing, without benefit of an opinion, that such was the case.

this appeal is therefore properly in the Commonwealth Court. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, No. 223, Art. IV, § 402, 17 P.S. § 211.402 (Supp.1974). Appellee has made no objection to the jurisdiction of this Court, however, and in light of the disposition which we think must be made, we see no purpose to be served by a transfer of the case to the Commonwealth Court. *See* § 503 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 503, 17 P.S. § 211.503 (Supp.1974).

5. Rule 1028(c) of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, provides in relevant part that "[t]he court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise." *See Peters Sportswear Co., Inc. v. Eastland Woolen Mills, Inc.*, 427 Pa. 135, 233 A.2d 557 (1967).

6. Since the filing of this opinion, we have been furnished with a copy of a memorandum opinion of the trial court, dated April 11, 1974 (four days before the case was argued in our Court). Unfortunately, this opinion was not included in the record before us nor referred to in briefs or argument. It appears that the basis of the court's action was the inappropriateness of mandamus as the remedy to enforce a claim for damages due to business dislocations incident to a taking by eminent domain. The factual issues raised by pleadings were not discussed in the opinion.

 It is quite true, as we have frequently and recently held, that mandamus "is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Valley Forge Racing Association v. State Harness Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824 (1972). *See Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners,* 440 Pa. 299, 269 A.2d 871 (1970); *Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970). Although these conditions must exist before an action in mandamus may be maintained, a complaint in mandamus (or, for that matter, in any other form of action) should not be dismissed without a proper factual and legal foundation for so doing appearing in the record. That is not the situation in the case before us. Accordingly, the order of the court of common pleas sustaining preliminary objections and dismissing the complaint is vacated, and the case is remanded for further proceedings consistent with this opinion.

JONES, C. J., filed a dissenting opinion.

JONES, Chief Justice (dissenting).

I dissent. In the present case, there was no appeal from the verdict and judgment rendered thereon in the Court of Common Pleas on the issue of damages awardable for the condemnation and taking. Where a party considers the amount of a verdict to be insufficient, there exists an adequate remedy in an appeal at law. Appellee even concedes in its brief to this Court that appellant is entitled to reimbursement for its bill of costs in the original suit *at law.* In light of the existence of an adequate remedy at law, the only permissible conclusion is that the writ of mandamus will not lie in this action.

Judicial economy requires us to affirm the order of the court below.