648 A.2d 767

MACHIPONGO LAND AND COAL COMPANY,
INC., the Victor E. Erickson Trust and
Joseph Naughton, Appellants,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVI-
RONMENTAL RESOURCES, the Environmental Quality
Board, and Arthur A. Davis, Secretary of Environmental Re-
sources, Appellees.

Supreme Court of Pennsylvania.

Argued Jan. 27, 1994.

Decided Oct. 11, 1994.

362

Carl A. Belin, Jr., Clearfield, Andrew H. Cline, Joel R. Burcat, Robert L. Byer, Kirkpatrick & Lockhart, Harrisburg, for Machipongo Land & Coal Co., Inc.

Joseph G. Pizarchik, Richard P. Mather, Harrisburg, for Com., D.E.R.

Before NIX, C.J., and ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

This case raises several questions of jurisdiction over pre-enforcement challenges to regulations promulgated by the Environmental Quality Board (the "EQB") constituting a regulatory taking of real property. For the reasons set forth below, we reverse the order of the Commonwealth Court and remand the case for further proceedings in accordance with the Eminent Domain Code, 26 P.S. § 1–101 *et seq.*; 53 P.S. § 1081 *et seq.*

In the Commonwealth Court, Appellants sought review of an EQB regulation designating a portion of their land as unsuitable for surface mining pursuant to 52 P.S.

§ 1396.4e(b).[1] Appellees filed preliminary objections, demurring to Appellants' cause of action and claiming that the Commonwealth Court was without jurisdiction to hear the case. The Commonwealth Court sustained Appellees' preliminary objections but concluded that the administrative remedies available to Appellants inadequately addressed the particular takings claim issue in this case. Accordingly, the Commonwealth Court transferred the case to the Environmental Hearing Board (the "EHB") after finding that the EHB was more technically competent in surface mining taking claims and that the EHB possessed the jurisdiction and expertise to rule on the validity of such claims, 155 Pa.Cmwlth. 72, 624 A.2d 742.

Both Appellants and Appellees contend that the Commonwealth Court's transfer of the case to the EHB was in error. Appellants assert that because the Commonwealth Court ruled that the prescribed administrative procedures inadequately provided for redress of their claim, it was irrational for the Court to then require Appellants to pursue such inadequate remedies. They maintain that their takings claim is properly justiciable in the courts. Appellees agree with Appellants that because the EHB's review jurisdiction is statutorily limited to challenges of Department of Environmental Resources ("DER") enforcement actions, the Commonwealth Court's transfer of this matter to the EHB improperly expanded the EHB's jurisdiction beyond that granted by the

1. Section 1396.4e(b) provides that real property may be designated as unsuitable for all or certain types of surface mining operations if such operations will:

(1) be incompatible with existing State or local land use plans or programs;

(2) affect fragile or historic lands in which such operations could result in significant damage to important historic, cultural, scientific and aesthetic values and natural systems;

(3) affect renewable resources lands in which such operations could result in a substantial loss or reduction of long-range productivity of water supply or of food or fiber products and such lands to include aquifers and aquifer recharge areas; or

(4) affect natural hazard lands in which such operations could substantially endanger life and property, such lands to include areas subject to frequent flooding and areas of unstable geology.

legislature.  Appellees maintain that Appellants' takings claim is properly addressed by the DER, not the judiciary.

The first issue before this Court is whether the Commonwealth Court acted properly in relieving Appellants of the general requirement that a party must exhaust available administrative remedies prior to submitting a constitutional takings claim for judicial resolution.  Appellees rely upon *Gardner v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 145 Pa.Commw. 345, 603 A.2d 279 (1992), for the proposition that the mere existence of statutory and regulatory remedies compels Appellants to first avail themselves of those mechanisms before proceeding to a judicial forum.  However, this is too broad a reading of *Gardner.*  Rather, in *Gardner,* the Commonwealth Court held only that the trial court properly ruled that there appeared to be a reasonable administrative remedy still available, and that, therefore, the injured party must first exhaust those remedies before challenging the matter in court.  Here, a specific finding was made by the Commonwealth Court that there were *no* reasonable administrative remedies available;  thus, *Gardner* is inapplicable.

The issues before us are simply (1) whether the Commonwealth Court correctly found that no administrative remedies were available and that it therefore had jurisdiction; and (2) whether the Commonwealth Court properly transferred the matter to the EHB.  Absent an abuse of discretion or error of law by the Commonwealth Court, this Court should not disturb the ruling below.  *Frye Const., Inc. v. City of Monongahela,* 526 Pa. 170, 176, 584 A.2d 946, 948–49 (1991) (citation omitted).  Here, the Commonwealth Court's waiver of the exhaustion requirement was a sound exercise of its discretion.  The Commonwealth Court applied the *Gardner* principle and found that Appellant's takings claim was not sufficiently redressed by the prescribed administrative procedures.[2]  Since there is no evidence or assertion by either party

2.  Specifically, the Commonwealth Court found (1) that although a party with considerable surface mining commitments on designated land may nonetheless acquire a mining permit, nothing in Appellant's pleadings

that these conclusions are inherently unreasonable or that they constituted an abuse of discretion, this Court should not disturb the conclusion of the Commonwealth Court. Accordingly, we affirm the Commonwealth Court's ruling that Appellants lacked a reasonably sufficient administrative remedy for their claim and that they need not, in this instance, further pursue administrative relief.

The second issue on appeal is whether the Commonwealth Court had the authority to vest the EHB with jurisdiction over this pre-enforcement challenge to an EQB regulation pursuant to the primary jurisdiction doctrine.[3] Both parties to this action agree that the Commonwealth Court exceeded its authority in vesting the EHB with jurisdiction in this case.[4] The Court transferred the case to the EHB based on its reading of *Arsenal Coal Co. v. DER*, 505 Pa. 198, 477 A.2d 1333 (1984), finding that the EHB possessed ancillary jurisdiction to rule on a challenge to the validity of EQB regulations. However, the Commonwealth Court's reliance on *Arsenal Coal* was misplaced. *Arsenal Coal* stands for the proposition that the EHB has ancillary jurisdiction to rule on the validity of EQB regulations *only after* the DER has undertaken a regula-

---

suggested that Appellants were in a position to claim the exemption (interpreting this exception found at 52 P.S. § 1396.4e(e)); (2) that although the EQB could redesignate the land as suitable for mining, it was pointless for Appellants to petition the very agency which had just designated the property as unsuitable (interpreting this procedure found at 52 P.S. § 1396.4e(f)); and (3) that because the structures necessary to deep mine the land were not permitted in areas designated as unsuitable for surface mining, Appellants could not seek a permit to deep mine the land (interpreting the deep mine permit process at 52 P.S. § 1406.5 and 35 P.S. § 691.315 and the designated land restrictions at 25 Pa.Code §§ 86.101, 86.121).

3. The primary jurisdiction doctrine allows a court to refer cases to those administrative agencies possessing greater subject matter expertise and experience. *Elkin v. Bell of PA*, 491 Pa. 123, 420 A.2d 371 (1980).

4. Brief for Appellants at 13–16; Brief for Appellees at 25–28. Both parties ask this Court to divest the EHB of jurisdiction over this case. Appellants maintain that their takings claim should be heard by the judiciary. Appellees maintain that Appellants' claim may be properly addressed by a hearing before the DER.

tory enforcement action.[5]

■ Furthermore, the primary jurisdiction doctrine does not allow a court to refer a case to an agency which lacks the express statutory jurisdiction to hear the matter in the first instance.[6] The legislature has expressly limited EHB's jurisdiction over EQB regulations to *post*-enforcement review. 52 P.S. § 1396.4(b).[7]

Accordingly, we find that the Commonwealth Court improperly attempted to expand the EHB's jurisdiction in this pre-enforcement challenge. Here, DER never took any steps to enforce the EQB regulation designating a portion of Appellants' land as unsuitable for mining. Therefore, absent any DER enforcement action, the EHB is without any legislatively-conferred jurisdiction over this matter. *See id.* In turn, the Commonwealth Court's attempt to transfer the case to the EHB was in error because the judiciary does not possess the power to expand the legislatively-defined jurisdiction of administrative agencies. Accordingly, we reverse that portion of the Commonwealth Court's order transferring this matter to the EHB.

Given our conclusion that the transfer to the EHB was in error, we must now determine whether this case must be brought before the judiciary or before DER. Appellees ask this Court to refer this case to DER for further adjudication in the event that we find that the EHB lacks jurisdiction over this matter. Appellees contend that the administrative remedies in this case are substantively adequate and that DER is

**5.** *Arsenal Coal, supra,* 505 Pa. at 208–09, 477 A.2d at 1338–39 ("it is only within the context of an appeal from [DER] action upon the application of the allegedly illegal regulation ... that the [EHB] enjoys an ancillary power to rule on the validity of regulations[.]") (citation omitted).

**6.** *Commonwealth of Pennsylvania, DER v. Butler County Mushroom Farm,* 499 Pa. 509, 454 A.2d 1 (1982) ("the power and authority to be exercised by administrative agencies must be [expressly] conferred by the legislature.") (citation omitted).

**7.** This jurisdiction provision is reflected in the Environmental Hearing Board Act of 1988 at 35 P.S. § 7514(a), (c). *Accord Arsenal Coal, supra,* 505 Pa. at 208–09, 477 A.2d at 1339.

the forum in which EQB regulations are challenged. As previously stated, however, we have agreed with the Commonwealth Court's ruling that Appellants lack adequate administrative remedies in this case. Accordingly, this Court will not order that the parties proceed where the administrative remedies are inadequate.

The issue then becomes whether the Commonwealth Court is the appropriate court in which Appellants should proceed with this claim. Generally speaking, pre-enforcement/non-administrative challenges to EQB regulations may normally be brought in the Commonwealth Court. *See National Solid Wastes Management Ass'n v. Casey*, 135 Pa. Commw. 134, 580 A.2d 893 (1990) (Commonwealth Court adjudication is proper where DER remedies are inadequate). However, the Commonwealth Court does not have original jurisdiction over eminent domain takings claims. 42 Pa.C.S.A. § 761(a)(1)(ii) ("[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: [a]gainst the Commonwealth government, ... except [in the case of] eminent domain proceedings. ..."). Takings claims are properly adjudicated in the first instance by the court of common pleas of the county in which the property is located. 26 P.S. § 1–401. Thus, the court of common pleas has the requisite jurisdiction over this case, not the Commonwealth Court.[8]

Accordingly, the order of the Commonwealth Court is reversed and the matter is referred to the Clearfield County Court of Common Pleas for further proceedings pursuant to the Eminent Domain Code, 26 P.S. § 1–101 *et seq.;* 53 P.S. § 1081 *et seq.*

8. Further, the substance of a takings claim, not its form, determines the court with requisite jurisdiction. *See Princeton Sportswear Corp. v. Redevelopment Authority of the City of Philadelphia*, 460 Pa. 274, 333 A.2d 473 (1975) (condemnee's complaint in mandamus was a proceeding in substance if not in form which arose under the Eminent Domain Code). In form, this action was brought as a pre-enforcement challenge of an EQB regulation. In substance, though, it is the challenge of a regulatory taking by the designation of land as unsuitable for surface mining.

FLAHERTY, J., did not participate in the consideration or decision of this case.

MONTEMURO, J., is sitting by designation.