Jurisdiction relinquished.

**PLUMSTEAD TOWNSHIP CIVIC ASSOCIATION, Petitioner,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION and Environmental Quality Board, Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1996.
Decided Oct. 31, 1996.

Michael M. Meloy, for Petitioner.

Joseph G. Pizarchik, Assistant Counsel, and Marc A. Ross, Assistant Counsel, for Respondent.

Stephen B. Harris, for Intervenor, Miller and Son Paving.

Before DOYLE and FLAHERTY, JJ., and KELTON, Senior Judge

FLAHERTY, Judge.

The Plumstead Township Civic Association (PTCA) appeals from the October 30, 1995, opinion and order of the Environmental Hearing Board (Hearing Board) which granted the motion of the Department of Environmental Protection (DEP)[1] and dismissed PTCA's appeal from the Environmental Quality Board (Quality Board).[2] We affirm.

The procedural history of this present matter began November 3, 1988, when Miller & Son Paving, Inc. (Miller) submitted to the DEP an application to construct and operate a non-coal surface mine on an area approximately 68 acres in size. On April 5, 1990, the PTCA filed a formal petition with the DEP seeking to have a 600–acre tract in question declared unsuitable for non-coal surface mining. The 68 acres Miller proposes to mine are contained within this 600–acre tract. The DEP rejected the PTCA's unsuitability petition, stating that Sections 315(h) through (o) of the Pennsylvania Clean Streams Law (CSL), Act of June 22, 1937, P.L.1987, as amended, 53 P.S. §§ 691.315(h)—(o), apply only to surface coal mining operations and do not authorize the DEP to declare land unsuitable for non-coal surface mining.

The PTCA appealed to the Hearing Board which upheld the DEP's determination. The PTCA then appealed to this court, which reversed the Hearing Board decision, held that Section 315(i) of the CSL applies to both coal and non-coal surface mining operations and remanded the matter for further proceedings. *Plumstead Township Civic Association v. Department of Environmental Re-*

1. We note that effective July 1, 1995, the Conservation and Natural Resources Act, Act of June 28, 1995, P.L. 89, 71 P.S. §§ 1340.101—1340.1103, renamed the Department of Environmental Resources (DER) as the Department of Environmental Protection (DEP) and created the Department of Conservation and Natural Resources. For purposes of this opinion both the DER and the DEP are referred to as the DEP.

2. The Quality Board was established by the Act of December 3, 1970, P.L. 834, which added § 1920–A, 71 P.S. § 510–20, to the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, 71 P.S. § 51 *et seq.* The Quality Board has the power to "promulgate such rules and regulations

as may be determined by the [Quality Board] for the proper performance of the work of the [DEP] ...," as well as the power to receive and consider petitions for the adoption or repeal of a rule or regulation. *Id.* Indeed, as correctly noted by the Hearing Board, citing *East Pennsboro Township Authority v. Commonwealth of Pennsylvania, Department of Environmental Resources,* 18 Pa. Cmwlth. 58, 334 A.2d 798 (1975), the Quality Board "was designed by the Legislature to perform the policy-making (legislative) function in the tripartite structure set up for environmental regulation." (October 30, 1995, Hearing Board decision at p. 4.)

*sources,* 142 Pa.Cmwlth. 455, 597 A.2d 734 (1991). Prior to remand, following its rejection of the PTCA's unsuitability petition, the DEP processed Miller's application to construct and operate the proposed non-coal surface mine. This action occurred before this court issued its September 21, 1991, decision. As such, on June 29, 1992, the PTCA refiled its petition with the DEP requesting that the subject land be deemed unsuitable for non-coal surface mining.

The DEP considered the petition and studied the subject area. Subsequently, the DEP informed the PTCA that it intended to recommend to the Quality Board that the PTCA's petition to designate the subject area as unsuitable be rejected. On December 20, 1993, the DEP issued a second letter to the PTCA, reaffirming this intended recommendation to the Quality Board. On May 17, 1994, the Quality Board voted not to change the regulations and declined to designate the subject land unsuitable for non-coal mining.

On June 24, 1994, the PTCA filed simultaneous appeals to the Hearing Board and this court regarding the DEP's recommendation and the Quality Board's decision not to designate the petition area as unsuitable for non-coal mining. On July 21, 1994, Miller filed for, and was granted, intervenor status in the action before the Hearing Board. On September 2, 1994, the Hearing Board issued a stay of proceedings pending resolution of the action before this court. On December 19, 1994, this stay was lifted when the PTCA withdrew its action before this court and this court issued a discontinuance notice. Proceedings then commenced before the Hearing Board.

The DEP filed a motion before the Hearing Board, seeking to dismiss the PTCA's unsuitability petition. On October 30, 1995, the Hearing Board issued an opinion and order granting the DEP's motion to dismiss and terminating the PTCA's appeal. In so doing, the Hearing Board determined that the DEP's recommendation to the Quality Board was not a final decision and that the

Hearing Board lacked jurisdiction to hear an appeal of the Quality Board action. The PTCA then filed the present appeal.

The PTCA raises three issues on appeal: (1) whether the DEP was required to follow Section 315(m) of the CSL and issue a final, written decision concerning the disposition of the PTCA's petition to declare the subject area unsuitable for non-coal surface mining, (2) whether the DEP could assign to the Quality Board the responsibility for making a final determination regarding the PTCA's unsuitability petition and (3) whether the Hearing Board has jurisdiction to hear the PTCA's appeal of the Quality Board's rejection of its unsuitability petition.[3]

■ We note in addressing the first two issues raised on appeal that the DEP correctly argues that the PTCA failed to raise both of these issues before the Hearing Board. Any issues not raised before the Hearing Board are waived for purposes of appellate review. *Lucky Strike.* In its notice of appeal before the Hearing Board, the PTCA raised various objections to the DEP's recommendation to the Quality Board. None of these objections, however, addressed either the first or second issue raised on appeal before this court. (R.R. at 114a—117a.) Pa. R.A.P. 1551(a) states, in pertinent part, that "[n]o question shall be heard or considered by the court which was not raised before the governmental unit...."

■ The PTCA argues that the first two issues were not waived because they were presented in its response to the DEP's motion to dismiss. The PTCA argues that, because the Hearing Board conducts *de novo* hearings, they are not limited to reviewing evidence considered by the DEP. The PTCA fails to acknowledge, however, that, as a state agency, the Hearing Board only has jurisdiction to hear and address issues that are timely raised in the notice of appeal. *Newtown Land, Ltd. v. Department of Environmental Resources,* 660 A.2d 150 (Pa. Cmwlth.1995). The first two issues were not

---

3. This court's standard of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact were sup-

ported by substantial evidence. *Lucky Strike Coal Company v. Department of Environmental Resources,* 119 Pa.Cmwlth. 440, 547 A.2d 447 (1988).

preserved for appeal and are, therefore, waived.[4]

In addressing issue three, the PTCA argues that the Hearing Board has jurisdiction to entertain its appeal of the rejection of its unsuitability petition, because such rejection constitutes a final adjudicative determination by the DEP. However, in *Machipongo Land and Coal Company v. Department of Environmental Resources*, 538 Pa. 361, 648 A.2d 767 (1994),[5] (*Machipongo II*), the Supreme Court reversed this court's decision in *Machipongo Land and Coal Company, Inc. v. Department of Environmental Resources*, 155 Pa.Cmwlth. 72, 624 A.2d 742 (1993) (*Machipongo I*), and held that, under the primary jurisdiction doctrine, a court is not allowed to refer a case to an agency which lacks express statutory jurisdiction to hear the matter in the first instance. The Court acknowledged that the legislature has "expressly limited [the Hearing Board's] jurisdiction over [the Quality Board] regulations to *post*-enforcement review." *Id.* at 367, 648 A.2d at 770 (emphasis in original). The Court also reiterated that "the [Hearing Board] has ancillary jurisdiction to rule on the validity of Quality Board regulations *only after* the DER has undertaken a regulatory enforcement action." *Id.* (emphasis in original).

■ Although reversed on other grounds, this court, in *Machipongo I*, held that the process set up by the legislature in Section 4.5(b) of the SMCRA, 52 P.S. § 1396.4e(b), for designating lands unsuitable for mining, was "regulatory as opposed to adjudicatory." *Id.* at 86, 624 A.2d at 748. Here, the Hearing Board correctly noted it cannot entertain an appeal from the Quality Board because the Quality Board decision is regulatory, not adjudicatory. An administrative agency's power and authority must be expressly conferred by the legislature. *Department of Environmental Resources v. Butler County Mushroom Farm*, 499 Pa. 509, 454 A.2d 1 (1982). Administrative agencies are creatures of statute and cannot exercise powers not explicitly given them by the legislature. Further, "the judiciary does not possess the power to expand the legislatively-defined jurisdiction of administrative agencies." *Machipongo II* at 367, 648 A.2d at 770. Therefore, as the Quality Board's final written decision is regulatory, not adjudicative, the Hearing Board has no jurisdiction over the matter.

Accordingly, the order of the Hearing Board is affirmed.

### ORDER

NOW, October 31, 1996, the order of the Environmental Hearing Board, dated October 30, 1995, is affirmed.

---

4. Assuming, however, that the first two issues were preserved, the PTCA still would not prevail. The Hearing Board correctly noted that Sections 315(h)—(o) of the CSL, 35 P.S. § 691.315(h)—(o), deal with procedures for designating an area unsuitable for surface mining, and these sections are virtually identical to those found in Section 4.5(a)—(h) of the Surface Mining Conservation and Reclamation Act (SMCRA), Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. § 1396.4e(a)—(h). These procedures, which are codified in 25 Pa.Code §§ 86.121—86.130, require the DEP to study the matter and make a recommendation to the Quality Board, and make the Quality Board the body to hold a public hearing and issue a final written decision "in the form of a regulation." *Id.*

5. In *Machipongo Land and Coal Company, Inc. v. Department of Environmental Resources*, 544 Pa. 271, ——, 676 A.2d 199, 203 (1996) (*Machipongo III*), the Court vacated that portion of *Machipongo II* which remanded to the Clearfield County Court of Common Pleas, and determined that "jurisdiction properly rests with the Commonwealth Court since the regulation upon which appellants make their pre-enforcement challenges was promulgated pursuant to the Commonwealth's police power."